Inez ZINK, et al., Appellants,

v.

EMPLOYERS MUTUAL LIABILITY
INSURANCE COMPANY OF
WISCONSIN, Respondent.

No. WD 38005.

Missouri Court of Appeals,
Western District.

Dec. 16, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 3, 1987.

Application to Transfer Denied
March 17, 1987.

**562**

John C. Milholland, Harrisonville, J. Kirk Rahm, Warrensburg, for appellant Zink.

Ross Eshelman, Clinton, for appellant Allis.

Allen R. Purvis, Stephen E. Scheve, James A. Wilson, Kansas City, for respondent.

Before TURNAGE, P.J., and SHANGLER and KENNEDY, JJ.

KENNEDY, Judge.

Plaintiffs, who are the wife and children of James Walter Zink, deceased, and the creditors on a $500,000 judgment against James E. Allis, whose negligence caused Zink's death, appeal from a summary judgment adverse to them in their equitable garnishment suit brought against Employers Mutual Liability Company of Wisconsin.[1]

We believe the trial court was correct in its ruling and we affirm the judgment.

The facts are as follows:

Both the decedent Zink and Allis were employees of Clearfield Cheese Company. At the time of the fatal accident Allis was driving a Clearfield Cheese Company truck and Zink was riding therein. They had delivered a cargo of cheese from Clinton, Missouri, to a destination in Florida and were on their return trip when the fatal accident occurred in Alabama. Both Allis and Zink were drivers. It was their practice to drive for alternate four-hour periods. The accident occurred in the course and scope of Allis's and Zink's employment by Clearfield, and the plaintiffs, as Zink's survivors, were paid workers' compensation benefits.

Plaintiffs filed a wrongful death action against Allis. Employers Mutual, who had issued a policy of liability insurance on the truck to Clearfield Cheese as named insured, was tendered the defense of the lawsuit but denied coverage. Plaintiffs proceeded and secured the $500,000 judgment which they now seek to collect under the Employers Mutual policy.

I

Employers Mutual denies coverage on the basis of the following exclusion in its policy: "None of the following is an insured: (i) Any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment;" ...

The trial judge held that this provision excluded coverage for Zink's death arising out of the accident mentioned above.

The plaintiffs' claim, however, that Allis and Zink were not "fellow employees" within the meaning of the above-exclusionary provision. Driver-defendant Allis, they say, was Zink's *superior* and not of the same rank with Zink. He was a vice-principal and not a fellow servant. They quote from *State ex rel. Duvall v. Ellison*, 283 Mo. 532, 223 S.W. 651, 653 (banc 1920) (quoting *Gibbs v. Duvall*, 201 S.W. 605, 607 (Mo.App.1917)), where the court said: "If a servant is given authority to direct and control other servants in the performance of some branch of the master's work, he is not a fellow servant of the others, but is a vice principal".

Plaintiffs go ahead to say that the term "fellow employee" or "fellow servant" has a settled judicial construction and that

---

1. In an earlier case plaintiffs sought recovery for Zink's death against Employers Mutual under the uninsured motorist provision of its policy. That claim was ruled adversely to plaintiffs in *Zink v. Allis*, 650 S.W.2d 320 (Mo.App.1983).

Employers Mutual in the present case raised in the trial court the defenses of collateral estoppel and res judicata. They have not pursued those defenses in this court.

when the term "fellow employee" was used in the insurance policy, it must be given the same meaning.

Plaintiffs' assertion that Allis was Zink's superior is based upon evidence that Clearfield had designated Allis as "truck driver" and Zink as "assistant driver" or "co-driver", and that Allis had certain responsibilities and authority with respect to the truck and the trip which Zink did not have.

We do not think that the judicial interpretation of the "fellow servant" concept as applied in those cases where injured employee brings suit against employer for injuries caused by negligence of another employee of same employer, necessarily applies to that same term as used in the different context of this insurance policy. The distinction (between fellow servant and vice-principal) is observed in those cases where the employee is bringing suit against the employer for personal injuries, and the employer asserts the fellow-servant rule as a defense. The same distinction serves no purpose whatever in this insurance policy exclusion. The purpose of the insurance policy exclusionary clause we explained in our earlier case of *Zink v. Allis*, 650 S.W.2d 320, 323–324 (Mo.App.1983). The exclusion actually focuses upon the person injured rather than the person inflicting the injury. It excludes employer-financed (i.e., by employer-paid insurance premiums) protection by way of liability coverage in those cases where the employer has provided protection by way of workers' compensation insurance. As explained in *Bevans v. Liberty Mutual Insurance Co.*, 356 F.2d 577, 581 (4th Cir.1966):

> In sum, it is clear that this omnibus insured exception is designed to prevent the negligent fellow employee from being an additional insured under this policy and thereby allowing the injured fellow employee to recover workmen's compensation or other types of employer liability insurance from their mutual employer and, in addition, general liability insurance from the named insured's carrier ... By virtue of this provision, the injured employee is properly rele-

gated to his claim for workmen's compensation.
See Annot., 45 A.L.R.3d 288 (1972).

■ The term "fellow employee" as used in this exclusion has the same meaning as "another employee of the same employer", *Ward v. Curry*, 341 S.W.2d 830, 837–38 (Mo.1960) ("another employee of the same employer"); *Bevans v. Liberty Mutual Insurance Co.*, supra ("another employee of the same employer"); *Campbell v. American Farmers Mutual Insurance Co.*, 238 F.2d 284, 289 (8th Cir.1956) ("another employee of the same employer"); *Kelley v. M & M Dodge, Inc.*, 370 So.2d 1267, 1269 (La.Ct.App.1979) ("fellow employee"); *Martinez v. United States Fidelity & Guaranty Co.*, 119 Ariz. 403, 581 P.2d 248, 249 (App.1978) ("fellow employee").

■ Even if we were to hold that "fellow employee" in the insurance policy brought with it the interpretation in the common law fellow servant cases, it would not help the plaintiffs. Allis with respect to the accident which took Zink's life, was not acting in any vice-principal capacity. He was acting in his fellow-servant capacity. Notice the language of *State ex rel. Duvall v. Ellison*, 283 Mo. 532, 223 S.W. 651, 653 (banc 1920) (quoting *Gibbs v. Duvall*, 201 S.W. 605, 607 (Mo.App.1917)):

> It is true that a person may be a vice principal of his master and also a fellow servant of the one injured, and if the negligent act arises merely through the doing of the labor the two are performing in common, and not as a result of the exercise of authority over the colaborer, then the negligence is that of a fellow servant. It is the character of the act, and not alone the servant's rank, that determines the question of liability or nonliability.

The accident which caused Zink's death in no way arose out of the exercise of any supervisory control of Allis over Zink. It occurred merely while Allis was taking his turn as driver of the truck.

## II

■ Allis filed a cross-claim against Employers Mutual for $3,963.38, the amount

which he had expended in attorney's fees in defending against Zink's claim. The trial court on Allis's and Employers' motions for summary judgment, granted summary judgment denying Allis's claim on the ground of the fellow-employee exclusion previously discussed. Allis has appealed. We hold, as with the equitable garnishment claim of Zink's survivors against Employers, that Employers did not provide coverage under their Clearfield policy, and the trial court was correct in granting summary judgment denying Allis's claim for attorney's fees.

## III

Employers claims, as against both Allis and Zink, costs and allowances for its defense of Zink's equitable garnishment action, and against Allis for its defense of Allis's claim for his attorney's fees expended in the defense of Zink's survivors' wrongful death action against him.

·The trial court denied costs and allowances against Zink, but allowed Employers costs and allowances as against Allis, ostensibly under the authority of Rule 90.18.

■ Allis appeals from the trial court's allowance of costs and allowances to Employers. There is no authority under statute, rule or common law that would allow Employers Mutual its costs and expenses in defending against Allis's claim for his attorney's fees expended in defending against the Zink wrongful death claim. The judgment allowing costs and allowances to Employers against Allis under Rule 90.18 is reversed.

## IV

Employers has appealed the trial court's denial as against plaintiffs of costs and allowances incurred by it in the defense of the judgment creditors' equitable garnishment action under § 379.200, RSMo 1978. It claims such costs and allowances, including attorney's fees, should have been allowed against the plaintiffs as unsuccessful judgment creditors under Rule 90.18.

■ Rule 90.18 has no application to actions brought under § 379.200. Rule 90

relates only to conventional garnishments and sequestrations in which a judgment creditor seeks to reach "goods, personal property, money, credits, bonds, bills, notes, checks, choses in action, or other effects of the defendant and all debts owed to the defendant". Rule 90.01. This insurance policy is none of those. The equitable proceeding authorized by § 379.200, although sometimes called an "equitable garnishment", is no garnishment at all, but is a suit in equity against the insurance company to seek satisfaction of one's judgment under an insurance policy. See *Corder v. Morgan Roofing Co.*, 355 Mo. 127, 195 S.W.2d 441, 448 (Mo.1946); *Lajoie v. Central West Casualty Co.*, 228 Mo.App. 701, 71 S.W.2d 803 (1934). Employers cites us to no authority in this or any other state which supports its position.

## Conclusion

The judgments in favor of Employers Mutual upon plaintiffs' equitable garnishment claim and upon judgment debtor Allis's claim for attorneys fees incurred in the defense of plaintiffs' wrongful death action are affirmed. The judgment against Allis allowing attorneys fees to Employers Mutual is reversed. The judgment denying to Employers Mutual Rule 90.18 costs and allowances against plaintiffs is affirmed. Plaintiffs' motion for damages against Employers Mutual for frivolous appeal from the trial court's disallowance of Rule 90.18 costs and allowances against plaintiffs is denied.

All concur.