M.A.B., Appellant,

v.

Kenneth R. NICELY, Defendant,

Union Mutual Insurance Co., Respondent.

M.A.B., Respondent,

v.

Kenneth R. NICELY, Defendant,

Union Mutual Insurance Co., Respondent.

Nos. WD 50462, WD 50528.

Missouri Court of Appeals,
Western District.

Dec. 5, 1995.

John C. Risjord, Overland Park, Kan., Danny L. Curtis, Kansas City, for appellant.

Martin Maxwell, Kansas City, Martin J. Buckley, St. Louis, for defendant.

Before FENNER, C.J., and ULRICH and SMITH, JJ.

FENNER, Chief Judge.

M.A.B. appeals from the trial court's order quashing the writ of garnishment issued against Union Mutual Insurance Company (Union Mutual). The judgment is affirmed in part and reversed and remanded in part.

M.A.B. sued Kenneth R. Nicely in tort alleging that Nicely had sexually molested him as a child. Judgment was entered in accordance with a jury's verdict against Nicely for $100,000. M.A.B. brought this garnishment action against Union Mutual, Nicely's insurer, to recover the judgment. Union Mutual had issued a policy of homeowner's insurance to Nicely providing personal liability coverage for several years including November 17, 1983 through November 17, 1984.[1]

In its answers to interrogatories, Union Mutual denied coverage under the homeowner's policy for M.A.B.'s claim for several reasons. First, Union Mutual claimed that the injuries to M.A.B. did not constitute bodily injury or property damage as defined in the policy. Secondly, it argued that no accident occurred for which Nicely was covered under the policy. Finally, Union Mutual contended that the policy exclusion which denied coverage for bodily injury or property damage "which is expected or intended by the insured" prevented coverage for the injuries to M.A.B. It argued that Nicely was presumed as a matter of law to have expected or intended injury when he sexually molested M.A.B. A hearing was held on the garnish-

---

1. M.A.B.'s judgment against Nicely has been reversed by the Missouri Supreme Court. *M.A.B. v. Nicely,* 909 S.W.2d 669 (Mo. banc 1995). However, the reversal of M.A.B.'s judgment does not render the issues raised herein moot. The writ of garnishment issued herein was pursuant to the judgment in effect at the time the writ was issued. The validity of the writ under a judgment valid at the time and the question of costs raised herein remain at issue.

ment action, and the trial court concluded that the exclusionary clause of the policy was applicable and prevented M.A.B. from recovering from Union Mutual.

On appeal, M.A.B. claims the trial court erred in quashing the writ of garnishment and discharging Union Mutual based upon the exclusionary clause of the policy. He claims that (1) his damages were within the coverage of the policy, (2) Union Mutual failed to establish the applicability of an exclusionary clause, and (3) the trial court erred in adopting an inferred intent standard to preclude coverage under the "expected or intended" exclusion of the policy.

The Union Mutual policy stated in pertinent part:

SECTION II—LIABILITY COVERAGES—COVERAGE E PERSONAL LIABILITY If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, we will:

a. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

b. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

SECTION II—CONDITIONS—

1. **Limit of Liability.** Regardless of the number of **insureds,** claims made or persons injured, our total liability under Coverage E stated in this policy for all damages resulting from any one occurrence shall not exceed the limit of liability for Coverage E stated in the Declarations. All **bodily injury** and **property damage** resulting from any one accident or from continuous or repeated exposure to substantially the same general conditions shall be considered to be the result of one occurrence.

SECTION II—EXCLUSIONS—

1. **Coverage E—Personal Liability and Coverage F—Medical Payments to Oth-** ers do not apply to **bodily injury** or **property damage:**

a. which is expected or intended by the **insured;**

In a court-tried garnishment action, the judgment will be sustained by the appellate court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Riffe v. Peeler,* 684 S.W.2d 539, 542 (Mo.App. 1984). Deference must be given to the trial court's superior ability to judge the credibility of the witnesses. *Brawley v. McNary,* 811 S.W.2d 362, 365 (Mo. banc 1991).

In an action for garnishment, the garnishor has the burden of proving facts essential to the garnishee's liability. *Edgar v. Ruma,* 823 S.W.2d 59, 61 (Mo.App.1991). Thus, the party seeking to establish coverage under an insurance policy has the burden of proving that the claim is within the coverage afforded by the policy. *State Farm Fire & Casualty Co. v. D.T.S.,* 867 S.W.2d 642, 644 (Mo.App.1993). Where, however, an insurance company seeks to escape coverage based on policy exclusions, the burden is on it to establish the applicability of the exclusion. *Id. Williamson v. Home Ins. Co.,* 778 S.W.2d 281, 282 (Mo.App.1989).

To establish coverage under the policy in this case, M.A.B. had the burden of proving that bodily injury resulted from an occurrence. *See D.T.S.,* 867 S.W.2d at 644. On the other hand, Union Mutual had the burden of proving the applicability of the policy exclusion for bodily injury "which is expected or intended by the insured." *See Id.* At the garnishment hearing, M.A.B. introduced the insurance policy into evidence but presented no other witnesses or evidence. Union Mutual, who was not a party to the underlying tort action, introduced the testimony of M.A.B. and Nicely from the previous trial. Nicely had testified that he did not sexually molest M.A.B. and that he did not expect or intend to harm the boy. In his testimony, M.A.B. described numerous incidents of sexual abuse by Nicely.

The trial court ruled that M.A.B. suffered bodily injury as defined in the policy, and this issue is not appealed. The court, choosing to believe that sexual abuse had occurred, found that the policy's exclusionary clause was applicable because the bodily injuries suffered by M.A.B. were not the result of an accident and Nicely acted with intent or expectation, which was inferred as a matter of law, that bodily injury would result.

M.A.B. argues that the standard applicable in a general liability insurance case regarding an intended harm exclusion is the subjective intent of the insured and that the court erred in adopting the inferred-intent standard to exclude his damages from the coverage of the policy. He relies on the Missouri Supreme Court case of *American Family Mutual Insurance Company v. Pacchetti,* 808 S.W.2d 369 (Mo. banc 1991), to assert that the subjective intent of the insured governs whether the insured intended to harm.

In *Pacchetti,* Pacchetti supplied cocaine to a minor who died of an overdose. *Id.* at 370. The minor's parents brought a wrongful death action against Pacchetti. *Id.* His homeowner's insurance provider instituted a declaratory judgment action to determine whether the policy's exclusionary provision that excluded coverage for bodily injury which is expected or intended by any insured barred recovery. *Id.* The trial court concluded that the claim was within the coverage of the policy, and the Missouri Supreme Court affirmed the decision. *Id.* The Court explained that "[i]t must be shown not only that the insured intended the acts causing the injury, but that injury was intended or expected from [the] acts." *Id.* at 371. It rejected arguments that an insurer automatically meets its burden of proving expectation or intent to harm by showing that cocaine is harmful and explained that what an insured intended or expected is a question of fact for the trial court. *Id.*

*Pacchetti,* however, is distinguishable from the exceptional cases involving sexual child abuse. In the context of sexual molestation of a minor, states that have considered the issue have unanimously adopted the inferred-intent standard when determining intent to harm. *B.B. v. Continental Ins. Co.,* 8 F.3d

1288, 1292 (8th Cir.1993); *D.T.S.,* 867 S.W.2d at 645. Recently, in the case of *State Farm Fire and Casualty Company v. D.T.S.,* 867 S.W.2d 642 (Mo.App.1993), the Eastern District considered this issue for the first time in Missouri and adopted the inferred-intent standard to hold that an intent to harm is inferred as a matter of law from the very nature of the act of sexual abuse of a child. *D.T.S.,* 867 S.W.2d at 645–46.

Persuaded by *B.B. v. Continental Insurance Company,* 8 F.3d 1288 (8th Cir.1993), the Eighth Circuit case applying Missouri law, the Eastern District examined the rationale underlying the inferred-intent standard and public policy considerations. *Id.* 867 S.W.2d at 645. The court noted that the very nature of child molestation is inherently harmful. *Id.* at 645 (citing *Wiley v. State Farm Fire & Casualty Co.,* 995 F.2d 457, 464 (3rd Cir.1993)). "The act is the harm. There cannot be one without the other. Thus, the intent to molest is, by itself, the same thing as intent to harm." *Id.* (quoting *J.C. Penney Casualty Ins. Co. v. M.K.,* 52 Cal.3d 1009, 278 Cal.Rptr. 64, 70, 804 P.2d 689, 695 (1991), *cert. denied,* 502 U.S. 902, 112 S.Ct. 280, 116 L.Ed.2d 232 (1991)).

Thus, finding that Nicely sexually molested M.A.B. as a child, the trial court correctly inferred as a matter of law that Nicely intended to harm M.A.B. The trial court did not err in concluding that Union Mutual sustained its burden of proving the applicability of the "intended or expected" exclusion. That portion of the judgment finding that Nicely is not insured by Union Mutual for damages arising out of his sexual abuse of M.A.B. is affirmed.

■ In its cross appeal, Union Mutual claims the trial court erred in failing to order M.A.B. to pay all costs, including all attorney's fees, incurred by Union Mutual. In its reply to garnishor's exceptions, Union Mutual prays for an award of costs and attorney's fees incurred in defending the garnishment action. It also moves for allowances for its costs and fees incurred in this appeal pursuant to Rule 84.21. Rule 90.18(b) provides:

If a garnishor does not recover judgment against the garnishee, all of the costs at-

tending such garnishment shall be taxed against the garnishor. The court in such case shall render judgment in favor of the garnishee and against the garnishor for an amount sufficient to indemnify the garnishee for time and expenses, including attorney's fees.

Rule 90.18(b). In addition, Rules 90.18(c) and 84.21 require a garnishor to reimburse a garnishee for costs attendant to an appeal of a garnishment action. Rule 90.18(c); Rule 84.21; *Edgar v. Ruma*, 823 S.W.2d 59, 62 (Mo.App.1991).

Based on the holding in M.A.B.'s appeal that he may not recover against Union Mutual, M.A.B. is ordered to indemnify Union Mutual for costs and attorney's fees incurred in defending this garnishment action. The failure of the trial court to award costs and attorney's fees to Union Mutual was erroneous, and the case is remanded to the trial court for assessment of costs and fees incurred in defending the garnishment action and the appeal.

All concur.