**Donna WOOD, Cassandra Greer, and Gaylan R. Cooper, Appellants/Cross–Respondents,**

v.

**METROPOLITAN PROPERTY & CASUALTY COMPANY, Respondent/Cross–Appellant.**

No. ED 75629.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 25, 2000.

Stephen R. Fleddermann, St. Charles, for appellant.

Kathy M. Wilke, Richard A. Tjepkema, Clayton, for respondent.

*OPINION*

LAWRENCE G. CRAHAN, Judge.

Donna Wood, Cassandra Greer and Gaylan R. Cooper ("Garnishors") appeal the judgment quashing the garnishment they

instituted against Metropolitan Property and Casualty Company ("Insurer"). Insurer cross-appeals the trial court's award of only $1.00 for its attorney's fees. We affirm.

Garnishors obtained a judgment against Ray Wayne Wood for intercepting their telephone conversations in violation of sections 542.400 and 542.424 RSMo 1994. In that judgment, the trial court found Wood's interception of the calls to be intentional although Wood did not expect or intend his actions to cause harm. Pursuant to section 542.424, the court awarded statutory liquidated damages to Garnishors in the amount of $10,000 each and attorney's fees in the amount of $3,333 each.

Wood had a homeowner's policy issued by Insurer. Insurer had been sent a copy of the petition but had refused to enter and defend on behalf of Wood. After obtaining their judgment against Wood, Garnishors executed a garnishment against Insurer. Insurer filed answers to Garnishor's interrogatories in which it denied coverage for Wood on the grounds that there was no occurrence as defined in the policy, that Wood's actions were not accidental and that the resulting damage did not constitute bodily injury or property loss covered by Wood's policy of insurance. In a later reply, Insurer set forth additional reasons for denying coverage.

The homeowner's policy in question contained the following provisions:

SECTION II – LOSSES WE COVER, the first paragraph under COVERAGE F – PERSONAL LIABILITY is deleted and replaced by the following:

We will pay all sums for bodily injury and property damage to others for which the law holds you responsible because of an occurrence.

. . .

"BODILY INJURY" means any bodily harm, sickness or disease. This term includes required care, loss of services and death if it is a result of such bodily harm, sickness or disease.

. . .

"OCCURRENCE" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions resulting in bodily injury or property damage during the term of the policy.

. . .

"PROPERTY DAMAGE" means physical damage to or destruction of tangible property, including loss of use of this property.

. . .

SECTION II – LOSSES WE DO NOT COVER

UNDER COVERAGE F – PERSONAL LIABILITY ..., WE DO NOT COVER:

1. bodily injury or property damage which is reasonably expected or intended by you or which is the result of your intentional and criminal acts. This exclusion is applicable even if you lack the mental capacity, for whatever reason, to govern your conduct.

Insurer filed a motion to dismiss the garnishment because Garnishors had failed to set forth facts establishing that it held moneys in the name of Wood. Insurer also requested an award of attorney's fees.

After a hearing on Insurer's motion and submission of legal memoranda by the parties, the trial court entered judgment quashing the garnishment on the ground that there were no allegations in the underlying petition and no findings in the underlying judgment that Garnishors had sustained any actual damages that would bring the occurrence within the language "bodily injury" or "property damage" required for coverage under the definition of "occurrence" in the policy. Court costs were assessed against Garnishors and Insurer was awarded attorney's fees of $1.00.

■ Before addressing the parties' contentions on appeal, it may be useful to address the procedural posture of this case. Although section 379.200 RSMo 1994 sets forth a clear procedure whereby a judgment creditor can proceed to collect a judgment directly from the defendant's insurance company by instituting a suit in equity, this action was heard, submitted and decided as a garnishment action pursuant to Missouri Supreme Court Rule 90. Although neither party questions the propriety of maintaining a Rule 90 garnishment action against an insurance company under the circumstances presented, we note that there is authority to the contrary. Specifically, in *Zink v. Employers Mut. Liability Ins. Co. of Wisconsin*, 724 S.W.2d 561, 564 (Mo.App.1986), an action brought under section 379.200, the insurer successfully defended against the claim and appealed the denial of its claim that it was entitled to fees pursuant to Rule 90.18. In rejecting this point, the court held:

Rule 90.18 has no application to actions brought under section 379.200. Rule 90 relates only to conventional garnishments and sequestrations in which a judgment creditor seeks to reach "goods, personal property, money, credits, bonds, bills, notes, checks, choses in action, or other effects of the defendant and all debts owed to the defendant." Rule 90.01. This insurance policy is none of those. The equitable proceeding authorized by section 379.200, although sometimes called an "equitable garnishment," is no garnishment at all, but is a suit in equity against the insurance company to seek satisfaction of one's judgment under an insurance policy. *See Corder v. Morgan Roofing Co.*, 355 Mo. 127, 195 S.W.2d 441, 448 (Mo. 1946); *Lajoie v. Central West Casualty Co.*, 228 Mo.App. 701, 71 S.W.2d 803

(1934). [Insurer] cites us to no authority in this or any other state which supports its position.

724 S.W.2d at 564.

Both parties cite and discuss *Zink* but characterize the holding as merely that attorney's fees are not recoverable in an action brought pursuant to section 379.200. This overlooks the rationale for the court's holding. The rationale for the court's holding is that an insurance policy does not fall within what Rule 90.01 defines as being subject to garnishment. We agree. Such a construction of Rule 90 is also consistent with the rationale behind the attorney's fees provision of Rule 90.18. In a conventional garnishment or sequestration, those parties who may hold the types of property specified in Rule 90.01 are usually innocent third parties who have no connection whatsoever with, and probably no knowledge of, the claim that resulted in the underlying judgment. Thus, it is reasonable to require the judgment creditor to defray their attorney's fees if they are unnecessarily forced into court. In contrast, an insurance company has contracted to defend and pay claims against the insured. It is to be expected that it will be necessary to litigate whether claims made against the insured fall within the coverage. Indeed, insurance companies frequently initiate such litigation and cannot recover their attorney's fees when they do so. It is unreasonable and inequitable to expect that they should be able to recover such fees when they force the judgment creditor to initiate the action.[1]

Since neither party has questioned the procedure erroneously utilized in this case and the substantive issue of coverage would have been precisely the same had the proper procedure been employed, we shall proceed to the merits of Garnishor's appeal. Our standard of review is gov-

---

1. We are aware that, subsequent to *Zink*, the Western District allowed an award of attorney's fees in a Rule 90 action brought to determine whether there was insurance coverage. *M.A.B. v. Nicely*, 911 S.W.2d 313, 316–17 (Mo.App.1995). *M.A.B.*, however, did not acknowledge the court's prior holding in *Zink* or its rationale. Because we believe *Zink* is the better reasoned authority and *M.A.B.* does not question the reasoning set forth in *Zink*, we do not regard *M.A.B.* as controlling and decline to follow it.

erned by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We must sustain the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.*

■ Garnishor's second and fourth points are dispositive of their appeal. In these points Garnishor's argue the trial court erred in finding that there was no allegation and no proof of any damage which would bring the occurrence within the definition of "bodily injury" or "property damage" required for coverage under the terms of the policy. Garnishors bear the burden of proving damages covered by the policy because it is well established that the party seeking to establish coverage under an insurance policy has the burden of proving that the claim is within the coverage afforded by the policy. *State Farm Fire & Casualty Co. v. D.T.S.*, 867 S.W.2d 642, 644 (Mo.App.1993).

Garnishors rely on *Wood v. Safeco Insurance Co. of Amer.*, 980 S.W.2d 43 (Mo. App.1998). We find nothing in *Wood* that has any applicability to this case. The central issue decided in *Wood* was whether a liability policy restricting coverage to an "occurrence," defined as an "accident," encompassed a claim for negligent misrepresentation. The trial court's judgment in this case did not find that Garnishors failed to prove an "occurrence" within the meaning of the policy; rather, the trial court found that Garnishors had failed to establish that the occurrence resulted in "bodily injury" or "property damage" as defined in the policy. *Wood* has no bearing on that issue. Likewise, *Newell v. State Farm Fire and Casualty*, 901 S.W.2d 133 (Mo.App.1995), which addressed certain coverage issues pertaining to a wiretap claim, has no application to the instant case because the court in *Newell* specifically noted that the insurer had not asserted that the injuries alleged did not constitute bodily injury as defined in that policy.

The only argument Garnishors advance as to their damages is that the underlying judgment specifically refers to statutory liquidated damages as allowed by section 542.424 (now section 542.418). Garnishors reason that the presumed minimum liquidated damages provided by statute must be presumed to constitute actual damages. Under the terms of Wood's policy, however, the actual damages must be "bodily injury" or "property damage" as defined in the policy before there is coverage. Garnishors neither pled nor proved that their presumed damage constituted either "bodily injury" or "property damage" as defined in the policy. Accordingly, the trial court did not err in quashing the garnishment because Garnishors never established coverage. Points denied.

In its cross-appeal, Insurer complains that the trial court erred in awarding it only $1.00 in attorney's fees. As discussed earlier, however, Rule 90 does not apply to actions against insurance companies to determine coverage. *Zink*, 724 S.W.2d at 564. Inasmuch as Rule 90 is the only basis cited for an award of fees, Insurer was not entitled to any award of fees and thus is not aggrieved by the award of $1.00. Insurer's motion for expenditures on appeal must likewise be overruled.

Judgment affirmed.

MARY RHODES RUSSELL, C.J., concur.

CHARLES B. BLACKMAR, Senior Judge, concurs.