**MISS KITTY'S SALOON, INC., d/b/a Million Dollar Fantasy Ranch, Appellant,**

**v.**

**MISSOURI DEPARTMENT OF REVENUE, et al., Respondents.**

No. SC 82552.

Supreme Court of Missouri, En Banc.

April 10, 2001.

Gabriel A. Domjan, Independence, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mark E. Long, Asst. Atty. Gen., Jefferson City, Mary Ann Young, Pros Atty., Warrensburg, for respondents.

PER CURIAM.

Sections 573.500 to 573.505 [1] authorize a county tax on sales by "adult cabarets." Johnson County enacted such a tax. The circuit court found the tax valid. The cabaret appeals. *Mo. Const. art. V, sec. 3.* Affirmed.

The cabaret asserts that the statutes violate its rights to equal protection under the federal and state constitutions—

1. All statutory citations are to RSMo 1994.

amendment XIV and article I, section 2, respectively. The cabaret concedes that its equal protection challenge faces a "heavy burden." The cabaret does not invoke a suspect class or a fundamental right. The only issue, then, is whether the classification is rationally related to a legitimate state interest. The cabaret must show that the classification does not rest upon any reasonable basis and is purely arbitrary. A classification is constitutional if any state of facts can be reasonably conceived to justify it. *Missourians for Tax Justice Educ. Project v. Holden,* 959 S.W.2d 100, 103 (Mo. banc 1997).

Section 573.500 defines an "adult cabaret" as an "establishment in which persons appear in a state of nudity in the performance of their duties." The sales tax is authorized to "defray the costs of background checks" to determine if employees of the cabaret have been convicted of criminal offenses involving prostitution, drug possession or trafficking, money laundering, tax evasion, or illegal gambling activity. *Sections 573.503 and 573.505.* The General Assembly could believe that adult cabarets attract employees likely to engage in these activities. The legislature also could believe that identifying such employees helps law enforcement locate convicted criminals, enforce outstanding warrants, and contain the secondary effects of adult cabarets. *See Barnes v. Glen Theatre, Inc.,* 501 U.S. 560, 582, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991)(Souter, J., concurring).

The legislature—not this Court—determines the wisdom, social desirability or economic policy underlying a statute. *Winston v. Reorganized School Dist. R–2,* 636 S.W.2d 324, 327 (Mo. banc 1982).

These statutes do not violate the cabaret's equal protection rights.

 The cabaret also argues that the statutes violate its due process rights under the federal and state constitutions—amendment XIV, and article I, section 10, respectively. It contends that the amount of the tax in relation to its announced object is palpably arbitrary and punitive. The due process clauses do not require that taxes be reasonably related to the value of the services provided to the taxed activity. Instead, taxes distribute the cost of government. *President Riverboat Casino–Missouri, Inc. v. Missouri Gaming Comm'n*, 13 S.W.3d 635, 640 (Mo. banc 2000). These statutes do not violate the cabaret's due process rights.

The judgment is affirmed.

PRICE, C.J., LIMBAUGH, WHITE, HOLSTEIN, WOLFF, and BENTON, JJ., concur. LAURA DENVIR STITH, J., not participating.