# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1926

_____

Melissa Lancaster; Tim Lancaster,   *
                          *

        Appellees,       *

                          *     Appeal from the United States

    v.                   *     District Court for the

                          *     Western District of Missouri.

American and Foreign Insurance   *
Company; Royal Insurance     *
Company of America; Royal     *
Surplus Line Insurance Co.,     *

                          *

        Appellants.       *

_____

Submitted: September 14, 2001
Filed: December 7, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN and RILEY, Circuit Judges.

_____

HANSEN, Circuit Judge.

After Melissa and Tim Lancaster's settlement with Melissa's employer was reduced to judgment, the Lancasters sought to garnish insurance proceeds from American and Foreign Insurance Company, Royal Insurance Company of America, and Royal Surplus Line Insurance Co. (hereinafter collectively "insurers"), each of which provided insurance coverage to Melissa's employer. Following summary judgment in favor of the insurers, the insurers filed an application for costs and

attorneys' fees under Missouri's garnishment statute, which the district court denied. The insurers appeal that denial, and we reverse and remand for a determination of reasonable costs and attorneys' fees.

## I.

Melissa Lancaster and her husband, Tim Lancaster, brought a sexual harassment suit against Melissa's employer, Leonard Scheffler, and other defendants for harassment that allegedly occurred during her employment at Scheffler's McDonald's franchise. The Lancasters ultimately settled with Scheffler and his employment practices liability insurance carrier, Reliance National Insurance Company ("Reliance") for $2 million compensatory damages and $5 million punitive damages. Reliance paid its remaining policy limits of $179,822.47 to the Lancasters, and the Lancasters agreed to look only to other available insurance proceeds to satisfy the judgment, and not to Scheffler personally.

After the settlement was reduced to judgment, the Lancasters requested that the district court issue writs of garnishment in the underlying action against Scheffler's insurers. The district court issued writs of execution, summonses, interrogatories, requests for documents, and deposition notices to each of the insurers. Each document contained the caption and docket number of the underlying sexual harassment suit against Scheffler. The Lancasters never intimated that the action was anything other than a regular garnishment action brought pursuant to Missouri's garnishment statute, Missouri Revised Statutes, Chapter 525, which was referenced in each summons. The insurers each answered the interrogatories and denied coverage. The Lancasters filed exceptions to the interrogatories and deposed representatives from each insurer. On cross-motions for summary judgment, the

district court dismissed the insurers from the garnishment action.[1]   Following summary judgment, the insurers collectively filed an Application for Attorneys' Fees and Costs under Missouri's garnishment rules, seeking in excess of $100,000 in costs and attorneys' fees.  The district court denied the application, relying on a recent Missouri Court of Appeals case, Wood v. Metro. Prop. & Cas. Co., 10 S.W.3d 571 (Mo. Ct. App. 2000).  The insurers appeal the denial of their application.

## II.

We review de novo the district court's application of state law to the issues in this diversity case.  Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 820 (8th Cir. 2001).   The insurers argue that Missouri Revised Statute section 525.240 and Missouri Rule of Civil Procedure 90.12(b) mandate the payment of attorneys' fees and costs to a garnishee when a garnishor unsuccessfully attempts to garnish property in the hands of the garnishee.  The Lancasters do not dispute that the statute and rule mandate an award of fees and costs in garnishment actions but argue that this was not actually a garnishment action.  Though styled as such, the Lancasters argue that this was in effect a direct action brought under Missouri Revised Statute section 379.200, and that the garnishment rules do not apply to that type of action.  The Lancasters rely on Wood, as did the district court.

The Wood case was originally brought as a garnishment action pursuant to Chapter 525 to execute on insurance proceeds held by the insurer of a tortfeasor against whom the plaintiff had received a judgment.  The parties did not dispute the propriety of using a garnishment proceeding to execute on insurance proceeds. Though not raised by the parties, the court of appeals determined that the action was

---

[1]The Lancasters appealed the summary judgment ruling, later abandoning the appeal against all of the insurers except Royal Surplus Lines Insurance Company. We recently affirmed that ruling.  See Lancaster v. Am. & Foreign Ins. Co., 258 F.3d 780 (8th Cir. 2001).

actually one under section 379.200 rather than the general garnishment statute. The court reasoned that section 379.200 was the exclusive method whereby a judgment creditor could judicially enforce payment of insurance proceeds owed to the judgment debtor. Wood, 10 S.W.3d at 573. Thus, the court of appeals held that the insurer was not entitled to attorneys' fees or costs under Rule 90 because Rule 90 does not apply to section 379.200 actions. Id. at 574. Another Missouri Court of Appeals case from a different district had previously held, directly to the contrary, that an insurer was entitled to attorneys' fees under the garnishment rules when it successfully defended against a garnishment action. See M.A.B. v. Nicely, 911 S.W.2d 313, 316-17 (Mo. Ct. App. 1995). The Supreme Court of Missouri has not been faced with the specific issue of whether section 379.200 is a judgment creditor's exclusive remedy for obtaining insurance proceeds from the judgment debtor's insurer, or whether a judgment creditor may still bring a Chapter 525 ordinary garnishment proceeding against an insurer.

In applying Missouri law, we are bound by decisions of the Supreme Court of Missouri. Anderson v. Nissan Motor Co., 139 F.3d 599, 601 (8th Cir. 1998). Where the Supreme Court of Missouri has not addressed an issue, however, our task is to determine how that court would decide the case, "'consider[ing] relevant state precedent, analogous decisions, considered dicta, scholarly works and any other reliable data.'" Id. at 601-02 (quoting Farr v. Farm Bur. Ins. Co., 61 F.3d 677, 679 (8th Cir.1995)). We are not bound by decisions of intermediate appellate courts, although they do provide persuasive authority, and we follow them when they are the best evidence of state law. Marvin Lumber and Cedar Co. v. PPG Indus., Inc., 223 F.3d 873, 883 (8th Cir. 2000).

In 1925, the Missouri legislature enacted what is now section 379.200,which in relevant part provides that

> [u]pon the recovery of a final judgment against any person . . . for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss . . ., the judgment creditor shall be entitled to have the insurance money, . . . and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money . . . .

Mo. Rev. Stat. § 379.200. Prior to the enactment of this statute, insurance companies often included "no action" clauses in their contracts, which provided that the insurance company was not liable under the contract until the insured actually paid the judgment. Thus, the insurer avoided liability on the judgment and was not subject to garnishment unless the judgment debtor first paid the judgment. Schott v. Cont'l Auto Ins. Underwriters, 31 S.W.2d 7, 11 (Mo. 1930). "It [also] had not infrequently happened that an insolvent insured, after incurring liability, effected a collusive settlement with the insurer and canceled his policy in order to thwart the collection of a judgment against him through garnishment of the insurance money." Id. at 12. The Supreme Court of Missouri determined that the legislature "passed [the] act to *regulate the payment* under [insurance] contracts." Id. The statute was enacted to provide an equitable remedy where the insurer would otherwise be able to stymie the judgment creditor's available legal remedy with a craftily written contract. See id. ("The remedy provided for in the act is . . . one which may be invoked by a judgment creditor when the property and funds, including choses in action, of the judgment debtor cannot be reached by execution, and when execution cannot be otherwise satisfied.").

Shortly after the Schott case, the Missouri Court of Appeals held that the remedy provided by the act did not displace preexisting remedies and was not

exclusive.  See Lajoie v. Cent. West Cas. Co., 71 S.W.2d 803, 812 (Mo. Ct. App. 1934) ("[T]he new remedy thus provided did not operate to exclude the existing legal right by execution and garnishment."); see also Cronin v. State Farm Fire & Cas. Co., 958 S.W.2d 583, 587 (Mo. Ct. App. 1997) (noting that "it is apparent that § 379.200 did not create an exclusive, specific statutory remedy").  The appellate court in Wood dismissed this authority and instead relied on dicta in another court of appeals case, which held that Rule 90 did not apply to an action brought under section 379.200. Wood, 10 S.W.3d at 573 (discussing Zink v. Employers Mut. Liab. Ins. Co., 724 S.W.2d 561 (Mo. Ct. App. 1986)).  The Zink court determined that the garnishment rules in  Rule 90 did not apply to the section 379.200 action because "[t]he equitable proceeding authorized by § 379.200, although sometimes called an 'equitable garnishment', is no garnishment at all, but is a suit in equity against the insurance company to seek satisfaction of one's judgment under an insurance policy." Zink, 724 S.W.2d at 564 (citing Lajoie, 71 S.W.2d 803).  Although not necessary to its conclusion because the action in front of it was brought under section 379.200, the Zink court also stated that the garnishment rules were inapplicable because insurance proceeds were not among the items listed in Rule 90.01 as items subject to garnishment.  See id.  The Wood court coupled this statement with its own discussion of the equities of allowing an insurer to recovery attorneys' fees and concluded that when a judgment creditor attempts to garnish insurance proceeds, the action should be treated as one brought under section 379.200.  Wood, 10 S.W.3d at 573.  The court ruled that the insurer was not entitled to the fees allowed by Rule 90 because Rule 90 does not apply to a section 379.200 action.  Id. at 574.

We are troubled by the Wood court's reliance on Zink.  First, Wood involved a garnishment action and Zink involved a direct action under section 379.200.  The distinction, we believe, is critical.  Further, the Zink court's statement that insurance proceeds are not subject to garnishment is dicta, and the Zink court cited no authority to support its position.  There are many Missouri cases which have involved and permitted the use of garnishment to reach insurance proceeds.  See, e.g., James v.

Paul, 49 S.W.3d 678 (Mo. banc 2001); Shawver v. Shawver, 372 S.W.2d 916 (Mo. banc 1963); Linenschmidt v. Cont'l Cas. Co., 204 S.W.2d 295 (Mo. 1947); Brucker v. Georgia Cas. Co., 32 S.W.2d 1088 (Mo. 1930); McRaven v. F-Stop Photo Labs, Inc., 660 S.W.2d 459 (Mo. Ct. App. 1983). Indeed, the garnishment rules specially provide for service upon insurance companies. See Mo. Rev. Stat. § 525.050. Additionally, the two cases cited in Zink for the proposition that a section 379.200 action is "no garnishment action at all" recognize that two different procedures are available to a judgment creditor: a direct action under section 379.200 or an ancillary proceeding under the general garnishment statutes. See Zink, 724 S.W.2d at 564 (citing Corder v. Morgan Roofing Co., 195 S.W.2d 441, 448 (Mo. 1946), and Lajoie, 71 S.W.2d 803). In Corder, the Supreme Court of Missouri noted that "plaintiffs herein proceeded under the general execution garnishment statutes" and analogized to section 379.200's predecessor in determining what was available to be garnished from the insurer. See Corder, 195 S.W.2d at 448-49. As we discussed above, the Lajoie court explicitly held that the enactment of section 379.200's predecessor did not abrogate the judgment creditor's existing right to bring garnishment proceedings against the insurer. Numerous supreme court cases cite Lajoie for the proposition that section 379.200 is not a judgment creditor's exclusive remedy against an insurer. See, e.g., Noll v. Shelter Ins. Cos., 774 S.W.2d 147, 149 (Mo. banc 1989) ("The plaintiff's action, though styled 'equitable garnishment,' was a suit for monetary recovery rather than a garnishment process ancillary to the tort claim."); Linder v. Hawkeye-Security Ins. Co., 472 S.W.2d 412, 415 (Mo. banc 1971) ("Nor, has [section 379.200] been found to be an exclusive remedy . . . ."), cert. denied, 405 U.S. 950 (1972); State ex rel. Anderson v. Dinwiddie, 224 S.W.2d 985, 987 (Mo. banc 1949) ("But it is held in several cases that [section 379.200's predecessor's] remedy is cumulative, and that recovery may also be had by garnishment of the insurer under the judgment against the insured.").

Without Zink, the holding in Wood appears to be based solely on the Wood court's policy judgment that insurance companies should not be among the group of

garnishees which can claim the benefit of an award of attorneys' fees, a policy decision with which we do not believe we are at liberty to join. See Miss Kitty's Saloon, Inc. v. Mo. Dep't of Revenue, 41 S.W.3d 466, 467 (Mo. banc 2001) ("The legislature–not this Court–determines the wisdom, social desirability or economic policy underlying a statute."). Given the supreme court's apparent approval of Lajoie and its recognition of the dual remedial processes available to a judgment creditor attempting to collect insurance proceeds, we decline to follow Wood as we do not believe it espouses the views of Missouri's highest court.

We also reject the Lancasters' reliance on the Allen and Glover cases to support their argument that section 379.200 is an exclusive remedy. See State Farm Mut. Auto. Ins. Co. v. Allen, 744 S.W.2d 782, 785-86 (Mo. banc 1988) ("[Judgment creditors] may not sue the insurer directly, but are relegated to garnishment process directed against the insurer when and if they obtain judgment against Allen.") (citing Dinwiddie, 224 S.W.2d 985, and section 379.200); Glover v. State Farm Fire & Cas. Co., 984 F.2d 259, 260 (8th Cir. 1993) ("The statutory remedy [under section 379.200] is exclusive under Missouri law–[judgment creditors] . . . may not sue the insurer directly for breach of th[e] contract [between the insurer and the judgment debtor]; they are 'relegated to garnishment process when and if they obtain judgment against the insured.'" (emphasis added)) (quoting Allen, 744 S.W.2d at 785-86). Both cases correctly point out that section 379.200 is the exclusive direct action remedy a judgment creditor may bring against an insurer. An ordinary garnishment proceeding is not a direct action, but rather is ancillary to the underlying tort action. See Noll, 774 S.W.2d at 149. The issue in Glover was whether or not Glover could maintain a diversity-based federal declaratory judgment action directly against State Farm to determine whether Glover's judgment debtor had coverage under State Farm's policy. Glover, 984 F.2d at 260. It did not resolve the interplay between the general garnishment rules and section 379.200, nor did it decide as between those two remedies that section 379.200 was exclusive. Undermining the Lancasters' argument that Allen stands for the proposition that section 379.200 is an exclusive remedy is

8

Allen's cite to Dinwiddie, which, as we noted above, acknowledged that section 379.200 does not provide a judgment creditor's exclusive remedy. Thus, use of an ordinary garnishment proceeding to collect insurance proceeds is not contrary to either Allen or Glover. See Cronin, 958 S.W.2d at 586 ("*Allen* did not purport to abolish any existing post-judgment remedies available to a judgment creditor or to overturn the [Missouri Supreme] Court's previous rulings that the equitable remedy provided in § 379.200 is permissive rather than exclusive . . . .."); Sanders v. Wallace, 842 S.W.2d 553, 556 n.2 (Mo. Ct. App. 1992) (citing Allen for the proposition that "a judgment creditor may proceed in equity to recover policy proceeds, § 379.200 RSMo (Supp. 1991), or direct a garnishment action against the insurer ").

Relying on Zink and Wood, the Lancasters argue that insurance proceeds are not among the enumerated items in Rule 90.01 subject to garnishment. We believe that it is clear, however, that insurance proceeds are subject to garnishment in Missouri. Section 525.010 provides that "[a]ll persons shall be subject to garnishment, . . . who are named as garnishees in the writ, or have in their possession goods, moneys, or effects of the defendant not actually seized by the officer, and all debtors of the defendant . . . ." Mo. Rev. Stat. § 525.010. Missouri's rules of procedure further define "property subject to garnishment" as "all goods, personal property, money, credits, bonds, bills, notes, checks, choses in action, or other effects of debtor and all debts owed to debtor." Mo. R. Civ. P. 90.01(d).

The Lancasters would have us believe that Zink was the first case to address whether insurance proceeds are subject to garnishment by a judgment creditor. Long before Zink, however, the Supreme Court of Missouri decided this issue when it voided an insurance contract clause that stated that only the insured could sue to enforce the contract. See Brucker, 32 S.W.2d at 1092. The supreme court found the contract clause "contrary to the [garnishment] statute, which says that 'all debtors of the defendant' in execution shall be subject to garnishment." Id. The garnishment statute gives the judgment creditor a remedy to collect the insurance proceeds because

9

the garnishee is liable to the defendant under the terms of its contract as an insurer against liability. There can be no denial of the garnishee's liability to the assured on account of the judgment which was obtained . . .. The garnishee owes the defendant the amount of the judgment . . .. The plaintiff is the owner of that judgment. The [garnishment] statute provides a method by which he may enforce it.

Id. Once a claim has been reduced to judgment, the availability of insurance proceeds may also be characterized as a chose in action. See Schott, 31 S.W.2d at 12 (referring to insurance proceeds as a chose in action); Smith v. Smith, 313 S.W.2d 753, 756 (Mo. Ct. App. 1958) ("These [vested] rights represented an interest in a chose in action; that is, the right to the proceeds of the [insurance] policy, or the right to sue therefor if necessary."); Black's Law Dictionary 234 (7th ed. 1999) (defining "chose in action" as "[t]he right to bring an action to recover a debt, money, or thing."). Whether characterized as a debt or as a chose in action, Rule 90.01(d) includes insurance proceeds that are due an insured under a contract of insurance within its definition of "property subject to garnishment."

Another line of cases reinforces our holding that section 379.200 is not an exclusive remedy. The Supreme Court of Missouri has set out the general rule for determining whether a statutory remedy creates an exclusive remedy as follows:

"Where a statute prescribing a remedy does not create a new right or liability, but merely provides a new remedy for an independent right or liability already existing, the general rule is that the remedy thus given is not regarded as exclusive but as merely cumulative of other existing remedies, and does not take away a preexisting remedy, or, as more specifically stated, if a statute gives a new remedy in the affirmative, and contains no negative, express or implied, of the old remedy, the new remedy is merely cumulative; and in such a case, the party having the right may resort to either the preexisting or the new remedy . . .. The general rule applies whether the preexisting right or liability is one previously enforceable at common law, or by virtue of some other

10

statute or constitutional provision; and whether it was previously enforceable at law or in equity . . .."

Hawkins v. Burlington N., Inc., 514 S.W.2d 593, 598 (Mo. banc 1974) (quoting 1 C.J.S. Actions, § 6c., p. 976.). Hawkins cited Lajoie as an example of a case applying this general rule to section 379.200's predecessor. Id. at 599. The Missouri Court of Appeals followed Hawkins in reaffirming that section 379.200 did not create an exclusive remedy. See Cronin, 958 S.W.2d at 586 ("The cases likewise teach that § 379.200 did not create an exclusive remedy."). We are persuaded that the Supreme Court of Missouri would, if faced with the issue before us, reject Wood and hold that section 379.200 did not create an exclusive remedy and that a judgment creditor may use Missouri's ordinary postjudgment garnishment process to reach insurance proceeds.

The Lancasters had the opportunity to "resort to either . . . remedy," Hawkins, 514 S.W.2d at 598, and chose to utilize Missouri's ordinary garnishment process in their attempt to collect the insurance proceeds. They never indicated that they intended to bring a direct action in equity under section 379.200. The Lancasters had their choice of remedies and we see no reason to treat their action as anything other than what it purported to be–a garnishment proceeding ancillary to their underlying tort action seeking to enforce that tort judgment. Having selected their remedy, the Lancasters are bound by the process they chose and its attendant rules. Under Missouri's garnishment rules, the Lancasters are obligated to pay the garnishees' reasonable costs and attorneys' fees. Mo. Rev. Stat. § 525.240 ("If any plaintiff in attachment . . . shall fail to recover judgment against such garnishee, all the costs attending such garnishment shall be adjudged against such plaintiff . . . .") (emphasis added); Mo. R. Civ. P. 90.12(b). See also Nicely, 911 S.W.2d at 316-17.

11

## III.

We reverse the district court's denial of costs and attorneys' fees. We remand to the district court to determine an appropriate award, as "[t]he trial judge . . . is in the most favorable position to evaluate the costs and make a proper award." Landmark Bank v. Gen. Grocer Co., 680 S.W.2d 949, 955 (Mo. Ct. App. 1984) (holding that $2,500 award by trial court was reasonable where garnishee sought $4,257 and the case was unusually complex). We direct the district court's attention to Missouri Rules of Civil Procedure 90.12(c) and 84.21 in assessing attorneys' fees related to this appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.