**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10114 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:18-cr-00827-DGC-2 |
| MARGO CRUZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 19, 2021**
Phoenix, Arizona

Before: CLIFTON, CALLAHAN, and BRESS, Circuit Judges.

Following a conditional guilty plea of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846, Margo Cruz appeals the district court's orders denying his motions to suppress evidence. We "review [the] denial of a motion to suppress *de novo*, and the district court's factual findings for clear

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

error." *United States v. Norris*, 942 F.3d 902, 907 (9th Cir. 2019). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The pole camera surveillance of Gallego-Machado's residence did not violate Cruz's rights under the Fourth Amendment. "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 (9th Cir. 2015) (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)). Thus, Cruz's "capacity to claim the protection of the Fourth Amendment depends . . . upon whether [Cruz] has a legitimate expectation of privacy in the invaded place." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978)). Cruz had no reasonable expectation of privacy in Gallego-Machado's residence because "the purely commercial nature of the transaction engaged in here, the relatively short period of time on the premises, and lack of any previous connection between [Cruz] and the householder, all lead us to conclude that . . . any search which may have occurred did not violate [Cruz's] Fourth Amendment rights." *Id.* at 91.[1]

2.      Deputy Keith had reasonable suspicion to conduct a traffic stop of Cruz's vehicle. "[A] police officer may conduct an investigatory traffic stop if the officer has reasonable suspicion that a particular person has committed, is committing, or is

---

[1]  Because we conclude that Cruz has no reasonable expectation of privacy in Gallego-Machado's residence, we do not decide whether the pole camera surveillance constituted a search within the meaning of the Fourth Amendment.

about to commit a crime." *United States v. Choudry*, 461 F.3d 1097, 1100 (9th Cir. 2006) (quoting *United States v. Lopez-Soto*, 205 F.3d 1101, 1104 (9th Cir. 2000)). Here, Keith suspected that Cruz was following the vehicle in front of him too closely, in violation of Arizona Revised Statute § 28-730. Keith also used a stopwatch to verify that Cruz was driving less than two seconds behind the vehicle in front of him while driving approximately 75 miles per hour. That conduct constituted a violation of § 28-730, *see, e.g.*, *State v. Sweeney*, 227 P.3d 868, 877 (Ariz. Ct. App. 2010) (Brown, J., concurring), as an Arizona Driver's License Manual confirms. *See United States v. Chavez-Valenzuela*, 268 F.3d 719, 721-22 (9th Cir. 2001), *amended*, 272 F.3d 1062 (9th Cir. 2002), *overruled on other grounds by Muehler v. Mena*, 544 U.S. 93 (2005) (noting that a traffic stop was reasonable when an officer relied on the three-second rule from California's DMV regulations to justify a stop).

Thus, Deputy Keith's observation that Cruz had violated the traffic laws provided sufficient grounds for initiating the stop. *See United States v. Willis*, 431 F.3d 709, 715 & n.5 (9th Cir. 2005) (holding that officer's observation of a traffic violation provided "specific and articulable facts" to justify the stop) (internal quotations and citation omitted). While Cruz maintains that many drivers follow too closely, the Supreme Court has explained that it is "aware of no principle that would allow us to decide at what point a code of law becomes so expansive and so commonly violated that infraction itself can no longer be the ordinary measure of

3

the lawfulness of enforcement." *Whren v. United States*, 517 U.S. 806, 818 (1996).

3. Deputy Keith also did not unconstitutionally prolong the stop to perform a canine sniff. *See United States v. Gorman*, 859 F.3d 706, 714 (9th Cir. 2017) ("The Supreme Court has made clear that traffic stops can last only as long as is reasonably necessary to carry out the 'mission' of the stop, unless police have an independent reason to detain the motorist longer."). Here, Cruz knew from DEA Agent Stadler that a white vehicle had departed a suspected stash house and was headed in Keith's direction. Stadler's knowledge of Cruz's involvement in a suspected drug transaction was imputed to Keith under the collective knowledge doctrine, which "allows courts to impute police officers' collective knowledge to the officer conducting a stop . . . 'where law enforcement agents are working together in an investigation but have not explicitly communicated the facts each has independently learned.'" *United States v. Villasenor*, 608 F.3d 467, 475 (9th Cir. 2010) (quoting *United States v. Ramirez*, 473 F.3d 1026, 1032 (9th Cir. 2007)); *see also Ramirez*, 473 F.3d at 1032 ("[W]e have been willing to aggregate the facts known to each of the officers involved at least 'when there has been communication among agents.'") (alterations omitted) (quoting *United States v. Del Vizo*, 918 F.2d 821, 826 (9th Cir. 1990)).

In addition to Keith's imputed knowledge from Agent Stadler, Cruz was behaving nervously during the stop, had suspicious travel plans, and was traveling

4

along a known drug-trafficking corridor. These factors together justified Keith's prolonging of the stop for a canine search, and Cruz's "evaluation and rejection of . . . the [] factors in isolation from each other does not take into account the 'totality of the circumstances,' as [this Court's] cases have understood that phrase." *United States v. Arvizu*, 534 U.S. 266, 274 (2002).

**AFFIRMED.**