KENNETH SKAGGS, Appellant, v. GOTHAM MINING
& MILLING CO., Defendant; THE OCEAN ACCI-
DENT AND GUARANTEE COMPANY, LIMIT-
ED, Respondent.

Springfield Court of Appeals, December 5, 1921.

1 Insurance: "No Action Clause" in Employers' Liability Policy
Upheld. Where an employers' liability policy contains a clause
providing that no action shall lie against the insurance company
until the insured has paid the judgment against it, such clause
is valid, and will be upheld; the injustice being for the Legislature
or the forethought of insured to remedy.    ·

Appeal from Jasper County Circuit Court.—*Hon. Joseph
D. Perkins,* Judge.

AFFIRMED.

*S. W. Bates* and *W. R. Robertson* for appellant.

(1)   The constitutional provisions relied upon can
be as effectively infringed by repeated binding court de-
cisions, amounting to judicial legislation, as by legisla-
tive enactments. Brannon's, The Fourteenth Amend-
ment, pp. 97, 98, 319, and cases there cited; State v. Guer-
ringer, 265 Mo. 408; Ex parte Nelson, 251 Mo. 63; Dor-
rance v. Dorrance, 242 Mo. 625; Suess v. Imperial Life
Insurance Company, 193 Mo. 564, 570.   (2)   The gar-
nishee being bound under its policy to pay the defend-
ant the sum called for therein, points to be subsequently
set forth, the garnishee's refusal to pay and the trial
court's refusal to enforce payment upon the facts alleged
in plaintiff's denial, and admitted by the demurrer, vio-
lates section 10 of article II of our Constitution. Baily
v. Gentry and Wife, 1 Mo. 164, 171; Stevens v. Andrews,
31 Mo. 205.   (3)  The garnishee's policy is not suscep-
tible of the construction contended for by it, and upheld

by the trial court. The "no action" clause (E) applies only to cases in which the insurer denies liability for a given accident and the insured unsuccessfully defends against a suit based thereon. Sanders v. Frankfort, etc., Insurance Co., 72 N. H. 485, 57 Atl. 655; Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L. R. A. (N. S.), 184; Davies v. Maryland Casualty Co., 154 Pac. 1116, (L. R. A. 1916D), page 395.

*Ray Bond* for respondent.

(1) The construction placed upon the policy contract by the trial court, following the decisions of the Courts of Appeals, does not violate any of appellant's constitutional rights and appellant's contention to the contrary does not even raise a jurisdictional constitutional question. Donoho v. Missouri Pacific Ry. Co., 184 S. W. 1149, 1150; Kemper Mill & Elevator Co. v. Mo. Pac. Ry. Co., 178 S. W. 502; McManus v. Burrows, 217 S. W. 512; State ex rel. v. Carothers, 214 S. W. 857, 858; State ex rel. v. Howe Scale Co., 253 Mo. 63, 65; Central Land Co. v. Laidley, 159 U. S. 103, 16 Sup. Ct. 80, 40 L. Ed. 294; Knop v. Coal Company, 211 U. S. 485, 29 Sup. Ct. 188, 53 L. Ed. 294; Bealmer v. Hartford Fire Ins. Co., 220 S. W. 954, 957; Sublette v. Railroad, 198 Mo. 190. (2) The constitutional inhibitions of section 15, art. 2, of our Constitution, against impairing the obligation of contracts, or making irrevocable grants of special privileges or immunities, are directed against legislative acts and not against judicial decisions. Donoho v. Mo. Pac. Ry. Co., 184 S. W. 1149, 1150; Kemper Mill & Elevator Co. v. Mo. Pac. Ry. Co., 178 S. W. 502; Hilgert v. Barber Asphalt Co., 173 Mo. 319, 328, 329; Stegall v. American Pigment & Chem. Co., 263 Mo. 719, 723; Central Land Co. v. Laidley, 159 U. S. 103, 110, 16 Sup. Ct. 80, 40 L. Ed. 91, 94. (3) There is no privity of contract between the appellant (plaintiff) and respondent (garnishee). The contract of insurance was made between the defendant, Gotham Mining & Milling Company, and the

respondent, solely for the benefit of the defendant and no one else. Finley v. U. S. Casualty Co. et al., 113 Tenn. 592, 83 S. W. 2, 3 Ann. Cas. 962; Cayard v. Robertson et al., 123 Tenn. 382, 131 S. W. 864, 30 L. R. A. (N. S.), 1224, 1226, Ann. Cas. 1912C, 152; Carter v. Aetna Life Ins. Co., 76 Kan. 275, 91 Pac. 178, 11 L. R. A. (N. S.), 1155, 1156; Fidelity & Casualty Co. v. Martin, 173 S. W. (Ky.), 307, 310; Bain v. Atkins, 181 Mass. 240, 63 N. E. 414, 57 A. L. R. A. 791, 63 N. E. 414; Beyer v. International Aluminum Co., 101 N. Y. Supp. 83, 115 App. Div. 853. (4) This being an action in garnishment, plaintiff's (appellant) rights are measured solely by whatever rights the defendant has against respondent (garnishee) under the policy. And, there having no cause of action accrued to defendant against respondent, appellant cannot recover. Allen v. Gilman, McNeil & Co., 137 Fed. 136; Whelen v. Gro. Co., 140 Mo. App. 572; Hotel Co. v. Gro. Co., 140 Mo. App. 592; Brewing Co. v. Railroad Co., 145 Mo. App. 30; Typewriter Co. v. Cash Register Co., 156 Mo. App. 98. (5) An injured employee, having obtained judgment for damages for personal injuries against employer, insured under policy like one here involved, cannot, by garnishment, suit in equity, or otherwise, compel the insurer to pay the judgment, same having not been paid by the insured. Most v. Mass. Bonding Company, et al., 196 S. W. 1064; Cayard v. Robertson, et al., 123 Tenn. 382, 131 S. W. 864, 30 L. R. A. (N. S.), 1224, Ann. Cas. 1921C, 152; Allen v. Aetna Life Ins. Co., (garnishment) 145 Fed. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958; Connolly v. Bolster, (garnishment) 187 Mass. 266, 72 N. E. 981; Fidelity & Casualty Co. v. Martin, (garnishment) 173 S. W. 307, 163 Ky. 12, L. R. A. 1917F, 924; Allen v. Gilman, McNeil & Co., (garnishment) 137 Fed. 136; Fry v. Bath Gas & Elec. Co., 97 Me. 241, 54 Atl. 395, 94 Am. St. Rep. 500, 59 L. R. A. 444; Burke v. London Guarantee & Acc. Cor., 47 Misc. 171, 93 N. Y. Supp. 652; Beyer v. International Aluminum Co., 101 N. Y. Supp. 83; Kinnan v. Fidelity & C. Co., 107 Ill. App. 406; Cushman v. Carbondale Fuel

Co., 122 Iowa, 656, 98 N. W. 509; Bain v. Atkins, 181 Mass. 240, 63 N. E. 414, 92 Am. St. Rep. 411, 57 L. R. A. 791; Ford v. Aetna Life Ins. Co. et al., 70 Wash. 29, 126 Pac. 69; Pfeiler v. Penn. Allen Portland Cement Co., 240 Penn. State, 468, 87 Atl. 623; Poe v. Philadelphia Casualty Co., 118 Md. 347, 84 Atl. 476.

COX, P. J.—The plaintiff, Kenneth Skaggs, while in the employ of the Gotham Mining and Milling Company was injured. He brought suit for resultant damages and recovered damages for $5000. On appeal to this court that judgment was affirmed. The Ocean Accident & Guarantee Company had insured the mining and milling company by what is generally known as an employers' liability policy. The insurance company defended the damage suit against the mining and milling company by plaintiff and appealed that case without bond. When the judgment was affirmed and became final, the plaintiff, Skaggs, had execution issued on his judgment against the mining and milling company and summoned the insurance company as garnishee. The insurance company answered denying any indebtedness from it to the mining and milling company, the judgment debtor. Plaintiff denied the answers of the garnishee. A demurrer to this answer was sustained and plaintiff refusing to plead further, judgment went in favor of the garnishee and plaintiff appealed to the Supreme Court alleging that a constitutional question was involved but the Supreme Court held otherwise and transferred the case to this court.

There is but one question involved here and that is whether under the policy a right of action accrued to the insured before the payment of the judgment against it. Appellant frankly concedes that if we are to follow the former holdings of the Courts of Appeal in this State, the decision must be against him. This policy has the usual "No Action Clause" which provides that no action shall lie against the insurance company until the insured has paid the judgment against it and this clause

has been uniformly upheld by the Courts of Appeal in this State and by the great weight of authority elsewhere and we see no reason to change our holding on that question. [Most v. Mass. Bonding Company, et al., 196 S. W. 1064; Dunham v. Philadelphia Casualty Co., 179 Mo. App. 558, 565, 162 S. W. 728.]

We fully appreciate the force of the criticism of appellant levelled against the practical effect of this form of contract in which he states that it merely means that if the insured is solvent so that a judgment for damages covered by the policy can be collected, the insurance company will pay, but if the insured is insolvent so the judgment against it cannot be collected, the insurance company will not pay. The remedy for that injustice, and we agree that it is a gross injustice, must come, if at all, through the Legslature or by the forethought of the insured who will see before he accepts the policy that it is in fact a liability policy as distinguished from an indemnity policy. As long as the law permits the indemnity policy against loss only and the insured will accept it, the courts are powerless to change it. The courts can only embrace contracts as they are made and cannot remake them. Judgment affirmed. *Farrington, J.,* and *Bradley, J.,* concur.