BENJAMIN TAVERNO, JR., APPELLANT, v. AMERICAN AUTO INSURANCE CO. ET AL., RESPONDENTS.—112 S. W. (2d) 941.

Kansas City Court of Appeals. February 11, 1938.

*Robert L. Holder* for appellant.

*Harding, Murphy & Tucker* for respondents.

SHAIN, P. J.—This case is before us for review on an appeal from the action of the trial court in sustaining a demurrer to plaintiff's petition and entering judgment for defendants.

The first paragraph of plaintiff's petition describes both parties, plaintiff and defendants, and alleges that defendants Pierson and Garver acted in all matters declared upon as the agent of the Auto Insurance company.

In paragraph No. 2, plaintiff alleges issuance of policy of insurance by the defendant company to one R. Richard Fitzgerald whereby under the terms of the policy it held the said Fitzgerald harmless against claim or judgment for liability for his negligence, or violation of law in the operation of his automobile, and agreed to defend him in any action brought, and agreed to pay any claim or judgment. The company further reserved the right to settle or compromise any claim or cause of action against him, all under the terms of the policy while same was in full force and effect.

The third paragraph of plaintiff's petition is as follows:

"Plaintiff states that on the said February 15th, 1936, a meritorious claim and cause of action accrued to him against the said R. Richard Fitzgerald by reason of the said R. Richard Fitzgerald's negligent and unlawful operation of his said Cadillac automobile as hereinafter set out, and which claim and cause of action defendant American Auto Insurance Company was, by its said policy, bound to pay and defend."

Following paragraph No. 3, the plaintiff pleads facts of negligence on the part of Fitzgerald resulting in injury to a car owned by plaintiff. In other words plaintiff pleads a good cause of action as against Fitzgerald.

Plaintiff in paragraphs No. 7, 8, 9, and 10 of his petition states that Fitzgerald told him that he (Fitzgerald) was at fault and that he was insured by the defendant, American Auto Insurance Company, and that he would report the accident and that said company would pay the damages. Further, it is plead that said Fitzgerald did report the accident to each of the defendants. Further, plaintiff alleges the nature, extent and amount of damages claimed.

After the above narration of alleged facts and circumstances, the plaintiff pleads against all defendants as follows:

"Plaintiff for his cause of action against the defendants states that on or about the 17th day of February, 1936, and after notice from said R. Richard Fitzgerald of the said collision, defendant C. William Garver, representing himself and the other defendants here, came to plaintiff and inquired the amount of plaintiff's damage, and upon being informed that the exact amount had not at that time as yet been ascertained, untruthfully and fraudulently told plaintiff that an adjuster from defendants American Auto Insurance Company and Robert J. Pierson Agency would call upon plaintiff the next or second day following and that defendants would compensate plaintiff for his damage.

"Plaintiff states that defendant C. William Garver, so acting for himself and for the other defendants did not intend to pay plaintiff nor to have an adjuster call upon plaintiff, and told plaintiff those things to induce him to withhold suit and action and attachment against said R. Richard Fitzgerald.

"Plaintiff states that on or about the 17th day of February, 1936, defendant American Auto Insurance Company, its agents, servants and employees, and defendants Robert J. Pierson Agency and C. William Garver fraudulently advised, aided and abetted said insured, R. Richard Fitzgerald to abscond and go away so that the service of process could not be made upon him; and the said R. Richard Fitzgerald, acting upon the advice of, and with the aid and abetting of these defendants and each of them did abscond and hide himself so that the ordinary process of law could not be made upon him, and the said R. Richard Fitzgerald at the advice, and with the aid of these defendants and each of them, fraudulently removed all of his assets from the United States so that plaintiff could not obtain service of the process of law, or cause to be levied an attachment against the said R. Richard Fitzgerald.

"Plaintiff states that on the said 17th day of February, 1936, when defendant C. William Garver agreed to pay plaintiff, well knew that R. Richard Fitzgerald would fraudulently conceal his property and assets to hinder and delay his creditors and especially this plaintiff, and that he would fraudulently conceal himself so that the ordinary process of law could not be served upon him, but with such knowledge defendants and each of them fraudulently induced this plaintiff to withhold legal proceedings against said R. Richard Fitzgerald, and promised to pay plaintiff.

"Plaintiff states that the acts above set forth were done fraudulently and with intent to deceive this plaintiff and to induce plaintiff to withhold action against said Fitzgerald and plaintiff relied upon and was induced to withhold action against said R. Richard Fitzgerald.

"Plaintiff states that after said fraudulent and false actions and

representations of defendants above set forth, defendants, being a-ware of their liability for said damages to plaintiff told plaintiff that they would pay plaintiff the amount of his damage if he could obtain service of process upon said R. Richard Fitzgerald, and told plaintiff that said Fitzgerald had moved permanently to Europe.

''Plaintiff states that the acts of defendants in inducing plaintiff to withhold suit and attachment against R. Richard Fitzgerald, and in advising, aiding and abetting said Fitzgerald to abscond and conceal his property have deprived plaintiff of any remedy against said R. Richard Fitzgerald; and were done with the intent to relieve defendant American Auto Insurance Company of its obligation upon its said policy of Insurance.

''Plaintiff states that by reason of the false and fraudulent representations and actions of these defendants and each of them he has been actually damaged in the sum of Two Hundred Fifty Dollars and that he has made demand of and from defendants but that they have failed and refused to pay any part of said demand.

''Plaintiff states that all of the above fraudulent and false actions of defendants were willful and malicious and done with the intent to maliciously deprive plaintiff of his rights and that he is entitled to exemplary damages in the sum of Five Hundred and Twenty-Five Dollars as a penalty therefor.''

Defendants file demurrer to plaintiff's petition alleging that no cause of action is stated against either of the defendants.

Upon court sustaining the demurrer and plaintiff refusing to plead further, the court dismissed plaintiff's petition and rendered judgment for defendants.

From the above action of the court, plaintiff appeals.

We will continue to refer to appellant as plaintiff and to respondents as defendants.

## OPINION.

The plaintiff makes assignment of errors as follows:

''1. The Court erred in sustaining in defendants' separate demurrers to plaintiff's petition.

''2. The Court erred in dismissing plaintiff's petition and rendering judgment for the defendants.''

As to assignment No. 1, plaintiff urges as follows:

''1. The defendants waived any right of defense they may have had under the policy when defendant Garver agreed to pay plaintiff's loss.''

As to assignment No. 2, it is urged that:

''2. The elements of an action for fraud were stated in plaintiff's petition.''

Plaintiff upon the first point cites Dye v. New York Life, 227 S. W. l. c. 1068.

The above cited case is one where the widow of deceased insured,

824

as the beneficiary in the policy, is suing to recover for the death of insured. The defense of misrepresentations in the application for insurance is made by the defendant company.

In the above case it is held that if the defendant company, after knowledge of the misrepresentations, admitted liability it thereby would manifest an intention to waive them.

The distinction of the Dye case from the case at bar is manifest. In the Dye case, the beneficiary named in the contract was suing and had stated facts constituting a cause of action, which if true, entitled her to recover. The policy in the case at bar was issued to one Fitzgerald and the plaintiff herein is not named as beneficiary in the contract and is not shown to be a party in any respect or in any capacity to the contract between the defendant company and Fitzgerald. In the Dye case, the waiver or estoppel is urged to preserve rights already acquired. In the case at bar, the principle of waiver and estoppel is evidently urged as creative of a cause of action.

Waiver and estoppel is for the purpose of preserving rights already acquired and not to create new rights. [State v. Mo. Utilities Co., 331 Mo. 337, 53 S. W. (2d) 394, l. c. 401.]

Appellant cites in support of the first point Van Cleave v. Union Casualty Co., 82 Mo. App. 668. The Van Cleave case is where plaintiff is suing defendant company on an accident policy seeking to recover damages for injuries allegedly sustained in an accident. There is nothing in the Van Cleave case that supports contention of plaintiff herein.

The plaintiff in his brief disclaims this action as being a suit on the insurance contract. The pleading of voluminous facts, preceding any attempt to state a cause of action against defendants, is explained by the pleader on the theory of inducement and the plaintiff designates this action as an action for fraud.

The plaintiff in his petition predicates his right of action in fraud upon the mere statement by an alleged agent of the defendant company to the effect that an adjuster from the defendant company and Pierson agency would call and that defendants would compensate plaintiff for his damages.

In connection with above the following language in plaintiff's petition is significant to-wit:

"Plaintiff states that defendant C. William Garver, so acting for himself and for the other defendants did not intend to pay plaintiff nor to have an adjuster call upon plaintiff, and told plaintiff those things to induce him to withhold suit and action and attachment against said R. Richard Fitzgerald."

Under the provisions of our law, one who reduces his claim against an insured to judgment can proceed by garnishment of funds in the hands of the insurance company to collect his claim. However, until such judgment is had, there is no obligation extending from the

insurance company to a person injured by an assured in the company. It follows that the statements alleged to have been made by Garver were not based upon any duty to pay that existed at the time such statements, if so, were made.

Such statements, therefore, can only be concluded as representation as to future intent and not as to a present fact and present no grounds for cause of action in fraud. [Metropolitan Co. v. Inv. Co., 309 Mo. 638, 274 S. W. 815.]

There is certainly no privity of contract disclosed as between the plaintiff and defendants herein by the allegations of plaintiff's petition. Such privity under the laws of this State is brought about, under statutory provision, by judgment being had against the assured of the insurance company by the party injured. [Sections 5898 and 5899, R. S. Mo. 1929; Lajorie v. Central West Casualty Co., 228 Mo. App. 701, 71 S. W. (2d) 803.]

Plaintiff urges that his petition states a cause of action for fraud. As before stated, we conclude that plaintiff has failed to plead facts upon which to base an action of fraud. Even though the aforegoing conclusion had not been reached, we conclude that allegations as plead are fatally defective in pleading an action for fraud.

We need but to say on this point that there must be plead facts that constitute actionable fraud, and such facts where plead must be such that, if true, show fraud. [Thompson & Co. v. Coran-Gideon S. Road Dist., 19 S. W. (2d) l. c. 1053.]

While no express words are required to plead fraud, facts must be alleged which, independent of the conclusions of the pleader, if true, show fraud has been committed. [Klaber v. Unity School, 51 S. W. (2d) l. c. 35.]

Plaintiff's petition, we conclude, fails to state facts, which independent of the conclusion of the pleader, show that fraud has been committed.

Judgment affirmed. All concur.