**Larry JOHNSTON, et ux., Appellants–Respondents,**

v.

**John SWEANY, et al., Defendants,**

**Assurance Company Of America, Respondent–Appellant.**

**No. SC 83932.**

Supreme Court of Missouri,
En Banc.

Feb. 26, 2002.

H. Kent Desselle, Independence, for Appellants-Respondents.

Kip D. Richards, Kansas City, for Respondent-Appellant.

PER CURIAM.[1]

Larry and Gwen Johnston owned a home. Three days after Sweany's company performed repair work in their home, a fire occurred. The Johnstons sought compensation from Sweany for the fire damage. Sweany denied liability. The Johnstons filed suit. Sweany eventually signed a confession of judgment. The confession limited execution on the judgment to any available insurance proceeds. Final judgment was entered in conformity with the confession.

The Johnstons then filed this garnishment action seeking compensation under a policy issued by Assurance. This policy insured AAA Home Maintenance, a company owned by Sweany. A separate company owned by Sweany, AAA Chimney Sweep Co., Inc., was the company Sweany initially claimed did the repair work at the Johnstons' home. Assurance denied any liability and sought summary judgment. The trial court entered judgment for Assurance.

Following the entry of judgment, Assurance filed a motion to amend the judgment to recover attorney's fees as permitted by Rule 90.12. The trial court did not rule on the motion, and it was deemed overruled. *Rule 78.06.*

The Johnstons and Assurance appeal. While the case was pending in the court of appeals, Assurance filed a motion for attorney's fees on appeal pursuant to Rule 84.21. After the case was transferred to this Court, Assurance filed an additional motion for attorney's fees. The judgment is affirmed in part and reversed in part. The case is remanded.

## Compliance With the Notice Provisions

■ The Johnstons assert that the trial court erred in granting Assurance's summary judgment motion because Assurance is bound by the trial court's judgment against AAA Home Maintenance and, therefore, liable as a garnishee to the Johnstons as judgment creditors in that Assurance: (1) had "actual notice" of the Johnstons' fire loss and lawsuit and (2) refused to defend its insured in the suit. However, where an injured person has recovered a judgment against an assured, and such person brings an action upon the judgment to recover the amount thereof

---

**1.** The appeal in this case was originally decided by the Court of Appeals, Western District, in an opinion by the Honorable Robert G. Ulrich. Following transfer to this Court, *Mo. Const. art. V, sec. 10,* portions of that opinion are incorporated without further attribution.

from an insurance company whose policy covered the loss, the insurance company may assert any defense against the injured person that it might have asserted as a defense in an action brought against it by its assured. *Meyers v. Smith,* 375 S.W.2d 9, 13 (Mo.1964).

The Home Maintenance policy provided by Assurance contained the following provisions as general conditions to the commercial general liability coverage:

2.   Duties In The Event Of Occurrence, Claim Or Suit

a.   You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place,

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.   If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.   You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

* * *

(3) Cooperate with us in the investigation, settlement or defense of the claim or "suit;" and

* * *

d.   No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

■■■■     Conditions of an insurance policy requiring that notice of an "occurrence" be given to an insurance carrier as soon as practicable and that suit papers be forwarded immediately are valid and enforceable. *Greer v. Zurich Ins. Co.,* 441 S.W.2d 15, 30 (Mo.1969).  The burden of proof upon the question of compliance with the provisions of a policy ordinarily rests upon the insured, if he seeks to recover indemnity under the policy, or upon the injured party who stands in the shoes of the insured.  Nevertheless, while it may be stated generally that the insured has the burden of proving the facts essential to the garnishee's liability, if the garnishee seeks to escape coverage solely because of an alleged breach of a policy provision requiring the insured to cooperate with the insurer, the burden is upon the insurer to prove facts that would make that provision relieve the insurer from liability. *Meyers v. Smith,* 375 S.W.2d 9, 15 (Mo.1964).

In its motion for summary judgment, Assurance asserted facts supported by affidavits demonstrating that Sweany never made a claim under the Home Maintenance policy issued by Assurance nor did Sweany provide notice of the action to Assurance or forward the legal papers when the suit was filed.  Assurance further demonstrated that Sweany concurred in the confession of judgment assuming liability for the Johnstons' loss without notifying Assurance or obtaining its consent.  The facts supported by the affidavits of Sweany and Assurance's claim representative indicate that Jim Toyne, Inc.,

Sweany's insurance agent, initially provided Assurance with notice of the Johnstons' loss by filing a general liability loss notice. These facts also demonstrate that Sweany thereafter informed Assurance's claim representative that the filing of the notice with Assurance was a mistake-that neither he nor his company wished to make a claim under the Home Maintenance policy because "John Sweany d/b/a AAA Home Maintenance" did not perform the work; the work was done by his other company, AAA Chimney. Assurance, accordingly, denied liability for the claim. Sweany agreed that Assurance had no liability and did not further request coverage under that policy or demand that Assurance defend or indemnify him or his business.

Assurance's motion and supporting affidavits further provide evidence that after the Johnstons' action was filed, Sweany did not give Assurance notice of the suit or forward Assurance the legal papers and demand that Assurance defend or indemnify Sweany or his business in the lawsuit. The supporting affidavits additionally attest that Assurance received neither notice that the Johnstons had filed their lawsuit nor copies of the legal papers Sweany received in connection with the Johnstons' suit. Assurance ultimately discovered the Johnstons' suit over two years after Sweany had informed Assurance that the loss notice filed under the Home Maintenance policy concerning the incident at the Johnstons' home was filed by mistake. Assurance first made this discovery on May 20, 1998, when it received a copy of the confession of judgment signed by Sweany, which judgment was accompanied by a letter demanding payment of the judgment. Assurance first learned of the suit against its insured less than ten days before the trial court entered its final judgment, but after Sweany had already entered into the confession of judgment

that assumed liability on behalf of all defendants named in the Johnstons' suit.

■ The facts asserted in Assurance's motion for summary judgment and supported by affidavits demonstrate that Sweany did not comply with the provisions of the Home Maintenance policy. As noted, an insured, or one standing in the shoes of an insured, will not be barred from recovery based on the breach of these conditions unless the insurer can show that it has been prejudiced by the insured's non-compliance with such policy provisions. *Id.*

■ In this case, when Assurance first learned of the Johnstons' lawsuit, it was presented with a "fait accompli." Sweany, its insured, had already signed a confession of judgment accepting liability on behalf of all defendants in the Johnstons' lawsuit for the fire at the Johnstons' home. Sweany's failure to notify Assurance of the suit and forward all legal papers to Assurance, in addition to his failure to obtain Assurance's consent before voluntarily assuming liability on behalf of all defendants, denied Assurance the opportunity to protect its interests. Specifically, Sweany's failure to comply with these policy provisions denied Assurance the opportunity to investigate the facts applicable to the subject of the lawsuit, to settle the dispute before trial, to defend against liability at trial, and to dispute the amount of damages.

The facts asserted in Assurance's motion and supported by affidavits are taken as true unless contradicted by the Johnstons' response to Assurance's summary judgment motion. While the Johnstons assert facts in contradiction to those alleged in Assurance's motion, the mere contradiction asserted in their response is not sufficient. The Johnstons' response must be supported by competent evidence-including affidavits, depositions, answers to interroga-

tories, or admissions on file-to establish a dispute over the existence of a material fact. *ITT Commercial,* 854 S.W.2d at 381. The Johnstons failed competently to contradict the evidence asserted in Assurance's motion. The evidence is undisputed that Sweany failed to comply with the policy provisions and that such non-compliance resulted in prejudice to Assurance. The trial court correctly entered judgment in favor of Assurance. The judgment as it pertains to the Johnstons' appeal is affirmed.

### Attorney's Fees

Assurance contends that the trial court erred in refusing to award attorney's fees that Assurance incurred while defending itself against the Johnstons' subrogated garnishment action.

There are two avenues for a judgment creditor to collect money from an insurance company: (1) a traditional garnishment under section 525.240 and Rule 90 or (2) a direct action against the insurer authorized by section 379.200.[2]

Assurance's claim for attorney's fees, after successfully defending the claim for insurance proceeds, depends on the type of action filed by the Johnstons. If the action is filed as a garnishment, attorney's fees are required by section 525.240. If the action is filed under section 379.200, no attorney's fees are permitted. *Zink v. Employers Mut. Liability Ins. Co. of Wis-*

*consin,* 724 S.W.2d 561, 564 (Mo.App. 1986).

The use of garnishment to reach the proceeds of an insurance policy has a long history in Missouri. An older case noting the practice is *Pickering v. Hartsock,* 221 Mo.App. 868, 287 S.W. 819 (1926). *See also Gates v. Tusten,* 89 Mo. 13, 14 S.W. 827 (Mo.1886); *Staggs v. Gotham Min. & Mill. Co.,* 208 Mo.App. 596, 235 S.W. 511 (1921); *Cavanaugh v. Dyer,* 215 S.W. 481 (Mo.App.1919). As noted in *Staggs,* the viability of this remedy was considerably weakened by the recognition that the insurance contract could be written in such a way that the insurer had no liability to the insured until the judgment had been paid by the insured—a "no action" clause.

To remedy the inability of a judgment creditor to garnish the insurance proceeds, the predecessor to section 379.200, which in relevant respects has not been changed, was adopted. *Schott v. Continental Auto Ins. Underwriters,* 326 Mo. 92, 102, 31 S.W.2d 7, 12 (Mo.1930).

The question then arose as to whether section 379.200 eliminated the garnishment remedy. "But it is held in several cases that that remedy is cumulative, and that recovery may also be had by garnishment of the insurer under the judgment against the insured. *Taverno v. American Auto. Ins. Co.,* 232 Mo.App. 820, 824–825(2), 112 S.W.2d 941, 944(2); *Lajoie v. Central West Casualty Co.,* 228 Mo.App. 701, 710(1), 71 S.W.2d 803, 809(1)." *State ex rel.*

---

**2.** All statutory references are to RSMo 2000. Section 379.200 provides in pertinent part:

Upon the recovery of a final judgment against any person, firm or corporation by any

person ....for loss or damage on account of bodily injury or death, or damage to property

if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judg-

ment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company ....and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.

*Anderson v. Dinwiddie,* 359 Mo. 980, 984, 224 S.W.2d 985, 987 (Mo.1949).[3]

■ *Zink* and *Wood v. Metropolitan Property & Cas.,* 10 S.W.3d 571, 573 (Mo. App.2000), have clouded the conclusion noted in *Dinwiddie.* To the extent these cases suggest or hold that a garnishment action under chapter 525 is not available to garnish an insurance policy after a judgment is entered against a defendant who may have insurance coverage, they are overruled.

In light of the liability for attorney's fees for an unsuccessful garnishment under chapter 525, the preferable remedy nearly always will be an action pursuant to section 379.200. If both remedies are available, as they are in this case, a section 379.200 action has the advantage of not subjecting the unsuccessful litigant to liability for attorney's fees. If the record in this case were unclear as to the source of the remedy—garnishment or section 379.200—the Court would construe the pleadings to have invoked only the preferred remedy because of the traditional rule that, absent statutory or contractual authority, each party bears its own attorney's fees. *See Dunn v. Bemor Petroleum,* 737 S.W.2d 187, 190 (Mo. banc 1987).

■ In this case, however, the record is clear that the action was filed pursuant to Rule 90, which reflects the chapter 525 procedure. The garnishment action is styled with the same style as the original suit. The insurer is not indicated as a party, as it would be under section 379.200, but as a garnishee. The same case number is assigned to the case and the garnishment. In its motion to "quash (dismiss)" garnishment filed April 14, 1999, Assurance asserted the applicability of Rules 90.07(c) and 90.12(b). The Johnstons' suggestions in opposition to this motion fail to assert the inapplicability of Rule 90 and state "even though the money may not be payable directly to the insured, it is payable to the benefit of the insured and therefore, garnishable, under *Countrymen [sic] v. Seymour R–2 School District,* 823 S.W.2d 515 (Mo.App.1992)." *Seymour* is an action under Rule 90.

Under the garnishment statute and rule, a garnishee may claim, and the court shall grant, an allowance for expenses and counsel fees attending the defense of proceedings against a garnishee if the plaintiff fails to recover under a garnishment of execution. Section 525.240, RSMo 2000. Additionally, Rule 90.12(b) provides that "[i]f the garnishor files exceptions to the garnishee's interrogatory answers but does not obtain a judgment against the garnishee, all of the costs attending such garnishment shall be taxed against the garnishor." The rule further mandates that "[t]he court in such a case shall render judgment in favor of the garnishee and against the garnishor for an amount sufficient to indemnify the garnishee for time and expenses, including attorney's fees." The only requirements the rule imposes on the entitlement of garnishee to recover its expenses is, first, that the garnishor file exceptions to the garnishee's interrogatory answers and, second, that garnishor not obtain a judgment against the garnishee.

The Johnstons filed exceptions to Assurance's interrogatory answers but did not obtain a judgment against Assurance. Assurance has, therefore, demonstrated a legitimate claim for its attorney's fees and expenses in accordance with Rule 90.12(b) and section 525.240.

---

**3.** *See also Lancaster v. American and Foreign Insurance Company,* 272 F.3d 1059 (8th Cir. 2001).

Assurance, by separate motions, seeks an award for attorney's fees on appeal as provided in Rules 84.21 and 90.12(c). The first motion was filed when this case was pending in the court of appeals. · That court denied the motion when it determined the motion was not timely filed in that court because it was filed after submission of the case. When the case is transferred, this Court determines the case as on original appeal. *Rule 83.09.* This has the effect of withdrawing the court of appeals opinion, causing the first motion to again be pending and timely filed before submission. In any event, the second motion was filed timely in this Court prior to the submission of the case. Attorney's fees are appropriate under section 525.240.[4]

### Conclusion: "Reasonable" Fees

In this case, section 525.240 requires the court to render judgment against the plaintiff for a sum sufficient to indemnify the party for "reasonable" attorney's fees. The trial court erred in failing to award such fees. The judgment to the extent that it failed to award "reasonable" attorney's fees is reversed and remanded.

▇ When considering what fees are reasonable, the context of this litigation needs to be considered. Embedded in this garnishment action is the issue of coverage which, if it were brought under section 379.200 or considered in an action for declaratory judgment, would allow for no attorney's fees. Thus, in determining the amount of reasonable attorney's fees, it seems appropriate for the trial court, to the extent practicable, to limit the award of fees to those directly involved in the garnishment aspects of the case. That would exclude fees that resulted from litigation of the coverage question as these

are not, strictly speaking, "costs attending such garnishment." Rule 90.12(b).

The case is remanded for the trial court to consider an application by Assurance for such fees incurred both in the trial court and on appeal. In all other respects, the judgment is affirmed.

WHITE, HOLSTEIN, WOLFF, BENTON, LAURA DENVIR STITH and PRICE, JJ., concur.

STEPHEN N. LIMBAUGH, Jr., C.J. concurs in part and dissents in part in separate opinion filed.

STEPHEN N. LIMBAUGH, JR., Chief Justice, concurring in part and dissenting in part.

I concur in all parts of the majority opinion except the majority's limitation on what constitutes "reasonable" attorney's fees. The majority holds that fees incurred from litigating the coverage question are not fees that are "directly involved in the garnishment aspects of the case," and, thus, are not "costs attending such garnishment" under Rule 90.12(b). I have found no cases interpreting the attorney's fees provision of Rule 90.12(b), which refers simply to "attorney's fees" rather than "reasonable attorney's fees" as stated in section 525.240, RSMo 2000. Nonetheless, it seems to me that the very essence of the garnishment action in this case and the only issue required to be litigated was the question of insurance coverage. Had coverage been present, then the garnishment could have proceeded, but because coverage was not present, the garnishment was quashed. How the majority separates the coverage question from the "garnishment aspects of the case" is beyond my comprehension.

---

4. The claim of Assurance for allowance of fees and expenses, filed in this Court, is denied without prejudice to the claim being submitted in the trial court.

I would remand for determination of attorney's fees that would include the cost of litigating the coverage question.