MSEJ, LLC, Appellant,

v.

TRANSIT CASUALTY COMPANY In Receivership, Respondent.

No. SC 89663.

Supreme Court of Missouri, En Banc.

March 31, 2009.

Rehearing Denied May 5, 2009.

Nicholas M. Monaco, Inglish & Monaco, P.C., Jefferson City, MO, for Appellant.

Thomas W. McCarthy, III, James C. Owen, Katherine S. Walsh, McCarthy, Leonard & Kaemmerer, L.C., Chesterfield, MO, for Respondent.

Daniel G. Donahue, Lawrence S. Denk, Foley & Mansfield, PLLP, St. Louis, MO, J. Kent Lowry, Matthew D. Turner, Armstrong Teasdale LLP, Jefferson City, MO, for Amicus Curiae.

David J. Strasser, Eckert Seamans Cherin & Mellott, LLC, Pittsburgh, PA, for Amicus Curiae (CBS Corporation).

Edward M. Joyce, Lisa M. Cirando, Orrick, Herrington & Sutcliffe, LLP, New York, NY, for Amicus Curiae (PricewaterhouseCoopers, LLP f/k/a Coopers & Lybrand Ltd.).

MICHAEL A. WOLFF, Judge.

## Introduction

This appeal tests the ability of the circuit court to enforce its deadline for submitting claims in the long-running Transit Casualty receivership. Ten years ago, MSEJ bought some claims that date back to the 1980s. It now asserts that the receivership statute allows it one more chance to present those claims before the final curtain falls.

The circuit court correctly held that the curtain has fallen.

## History

Transit Casualty Company is an insurance company that was declared insolvent by the circuit court on December 3, 1985. All of its policies were canceled, and it entered receivership under the supervision of the court and a "special deputy receiver" appointed to represent the director of the department of insurance, the nominal receiver. The receivership court set a "bar date"—that is, a deadline of December 31, 1987—for the filing of claims against the company's receivership estate. The receiver was charged with handling outstanding claims and winding down the insolvent business. In 1986, pursuant to section 375.670.1 [1], the receivership court issued an administrative order stating that the court would "from time to time issu[e] serially numbered Administrative Orders relative to administration, procedures, systems, goals and actions to be taken by the Receivership and those involved in the Receivership." [2]

In 1987, the receivership court issued Administrative Order 13, adopting Rule 75, which was to govern the procedure for bringing claims. Although the bar date was December 31, 1987, Rule 75.6(b) outlined a test for determining whether to allow a post-bar-date claim. The special deputy receiver was to consider whether "a. the claimant did not know of the Claim prior to the December 31, 1987 bar date; b. the claimant filed the Claim with the Receivership as promptly as reasonably possible upon learning of the Claim; c. the Claim is covered by the policy; and d. allowance of the Claimant's late-filed Claim will not prejudice the orderly administration of the liquidation of the Receivership." Claims filed after the bar date were allowed only if the special deputy receiver determined that they passed the test prescribed by Rule 75.6(b). [3]

The circuit court as receivership court issued Administrative Order 49, which established a final, once-and-for-all time limit on the filing of claims. Administrative Order 49 stated that "to expedite the closure of the Receivership ... all claimants, including those that have already filed policyholder protection proof of claim forms, must file the existing evidence of their current unresolved claims ... by 3/15/01.

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. Section 375.670.1 states that "[t]he court, upon the application of the receiver, shall establish claims procedures and shall limit and may extend the time for the presentation of claims against the receivership, and notice thereof shall be given in such manner as said court shall direct; and any creditor neglecting to present his claim within the time so limited shall be debarred of all right to share in the assets of the insurer."

3. Rule 75 was amended several times by subsequent administrative orders.

After that date no new claims or evidence of claims shall be accepted by the Special Deputy Receiver."

One of Transit's policy holders was the Johns–Manville Corporation, which purchased six umbrella liability policies. Manville timely filed proof of claims against Transit. A proof of claim is notice given to the receiver that the claim holder asserts that it is entitled to payment. In 1998, MSEJ purchased from Manville all of its outstanding claims against Transit at the time it entered receivership. Three years after MSEJ purchased Manville's interest in the receivership, MSEJ filed $19 million in additional claims. There was no additional proof submitted with these claims beyond a one-page letter stating MSEJ's position that it was entitled to payment of the new, unsupported claims. The proof of claim failed to include the names of policyholders or the dates or details of any alleged injuries incurred by the policyholders. MSEJ did not supply any of this information prior to March 15, 2001, the date specified as the claim termination deadline in Administrative Order 49.

The special deputy receiver determined that there was insufficient evidence to support the March 2001 claim. In May 2001, the receiver mailed its notice of determination to MSEJ. MSEJ filed a request for review the next month. Section 375.1214 provides for appeal from denials of claims by a receiver. The matter is appealed to a referee, who makes findings of fact and conclusions of law and enters a recommendation concerning the claim. *Id.* Here, MSEJ filed for appeal to the referee. On September 7, 2005, MSEJ attempted to submit supplemental evidence to the referee, who refused to consider the evidence not previously submitted to the special deputy receiver. The referee determined that the March 2001 cutoff barred consideration of supplemental evidence and upheld the receiver's denial of the March 1, 2001 claim. Further, the referee determined that MSEJ "should be estopped from making any further claims" because MSEJ and its assignor Manville previously had told the receiver that it would be making no further claims against the Transit estate. MSEJ moved for reconsideration in the circuit court pursuant to section 375.1214.2. Because the circuit court failed to rule on the motion within 90 days the motion was considered overruled. MSEJ appealed. After opinion in the court of appeals, this Court granted transfer pursuant to Mo. Const. art. V, § 10.

### Standard of Review

■ In this case, the referee did not observe witness testimony but instead reviewed depositions and documentary evidence. The trial court relied on the referee's findings of fact and conclusions of law. Despite the documentary nature of the evidence, this Court—though it need not defer to credibility determinations made by the trial court—"defers to the trial court as the finder of fact in determinations as to whether there is substantial evidence to support the judgment and whether that judgment is against the weight of the evidence, even where those facts are derived from pleadings, stipulations, exhibits and depositions." *Business Men's Assur. Co. of America v. Graham,* 984 S.W.2d 501, 506 (Mo. banc 1999). In other words, even though this Court has the same opportunity to review the evidence as does the circuit court, the law allocates the function of fact-finder to the circuit court.

### Did the circuit court err in finding that MSEJ failed to support its claims?

■ The first issue before this Court is whether the circuit court erred in holding

that MSEJ failed, prior to March 2001, to adduce sufficient evidence of its claim. This Court holds that it did not err. Local Rule 75.19(c) states that in cases of contested claims, "[t]he burden of proof shall be the same as the burden of proof established by the law of the State of Missouri for contested judicial claims against an insurance carrier." In Missouri, that burden rests on the insured or its assignees— in this case, MSEJ. *See Johnston v. Sweany,* 68 S.W.3d 398, 401 (Mo. banc 2002) ("The burden of proof upon the question of compliance with the provisions of a policy ordinarily rests upon the insured, if he seeks to recover indemnity under the policy, or upon the injured party who stands in the shoes of the insured.").

As discussed above, prior to March 2001, the only evidence submitted to the receiver was a one-page statement by MSEJ that it held claims in the amount of $19 million. That information failed to state the names and injuries of the policyholders and the dates of alleged injuries. The evidence included only the Transit policy numbers and dollar amounts without any additional supporting information. In the absence of any supporting details or dates concerning the policies that were the subject of MSEJ's claim, the circuit court did not err in finding that the evidence was insufficient to support the claims.

**Did Administrative Order 49 bar the submission of supplemental evidence after the March 2001 cutoff date?**

█ Having found that the circuit court did not err in its judgment that the evidence submitted by MSEJ prior to March 2001 was insufficient, this Court next considers whether the referee should have considered evidence submitted after the March deadline. The issue before this Court is whether Administrative Order 49 sets an absolute bar to the filing of additional evidence or proof after March 2001.

Because this Court finds that Administrative Order 49 does create such a deadline, this Court need not reach the issue of whether MSEJ is estopped from bringing its claims.

MSEJ contends that the governing instrument concerning supplemental evidence should be section 375.1214.2, which, in MSEJ's view, allows parties to bring additional evidence before the appellate body reviewing the claim denial. Section 375.1214.2 states that following a denial of a claim, an appeal "may be heard by the court or by a court-appointed referee," as it was in the present case. Following the hearing, the "referee shall submit written findings of fact and conclusions of law along with his recommendation for disposition." *Id.* If the appellant disagrees with the referee's findings, the appellant may file a "motion for reconsideration" that "shall allege either *the existence of new facts* which could not, with reasonable diligence, have been discovered and presented before the referee, or such erroneous conclusions of law, that would justify reconsideration of the claim by the court." *Id.* (emphasis added). MSEJ maintains that this statutory provision should trump Administrative Order 49's time limit.

Administrative Order 49 was enacted pursuant to section 375.670, which empowers the court to "limit and . . . extend the time for the presentation of claims against the receivership" and mandates that "any creditor neglecting to present his claim within the time so limited shall be debarred of all right to share in the assets of the insurer." The real question here is not whether Administrative Order 49 should be trumped by section 375.1214 but rather whether section 375.670 trumps section 375.1214. It does. § 375.670 is intended to empower courts to set reasonable time standards for the resolution of a receivership. The language of Adminis-

trative Order 49 reflects that legislative intent in its statement that the filing deadline for the "existing evidence of . . . current unresolved claims" is intended to "expedite the closure of the Receivership." The appellate procedure spelled out in section 375.1214 must be interpreted within the broader goal of an ultimate resolution of the receivership.

It is also worth noting that Manville filed its original notice of claims in 1987. Manville did not buy any new policies from Transit after 1987. MSEJ purchased its claims from Manville in 1998. The claims MSEJ filed in March of 2001 pertained to policies that had to have been purchased nearly 14 years earlier. MSEJ itself had more than three years, since 1998, to gather evidence and research the outstanding liability on the policies assigned to it by Manville prior to the March 2001 cutoff date. MSEJ does not present any compelling reasons that it was possible to supply that proof in the interim between 2001 and 2005 but not between 1998 and 2001.

### Conclusion

Section 375.670 empowers the receivership court to set deadlines. Administrative Order 49 was just such a deadline. MSEJ failed to meet that deadline, and the facets of appellate procedure spelled out in section 375.1214 cannot redeem that failure.

The circuit court's judgment is affirmed.

All concur.