

## Missouri Court of Appeals
### Southern District
### Division One

COLBY DEAN DURST,                    )
                                     )
    Movant-Appellant,        )
                                     )
vs.                                  )    No. SD35940
                                     )
STATE OF MISSOURI,                   )    Filed September 25, 2019
                                     )
    Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable David A. Dolan

AFFIRMED

Colby Dean Durst ("Movant") appeals the motion court's judgment denying his Rule 24.035 motion for post-conviction relief alleging ineffective assistance of plea counsel.[1]  On appeal, Movant claims that the motion court clearly erred in finding that Movant failed to meet his burden of proof.  Finding no clear error, we affirm.

### Factual and Procedural Background

As part of a negotiated plea agreement with the State ("the plea agreement"), Movant pleaded guilty to one count of first-degree assault, one count of first-degree domestic assault, and one count of resisting arrest.  He was sentenced to a seven-year sentence for each assault, to run

---

[1] All rule references are to Missouri Court Rules (2019).

1

concurrently, and a three-year sentence for resisting arrest, to run consecutive to the assault sentences.

Thereafter, Movant timely sought post-conviction relief ("PCR"). His timely amended PCR motion alleged, in pertinent part, that "[p]lea counsel, Travis Bargeon, was ineffective for failing to negotiate a good plea agreement for [Movant] and failed to properly advise [Movant] about the State's offer and the negotiations" and "[t]here is a reasonable probability that, but for counsel's ineffectiveness, the result of the proceedings would have been different."

At the evidentiary hearing held on Movant's amended PCR motion, the motion court received testimony from Movant by way of a transcript from an earlier telephone deposition. According to his deposition testimony, Movant learned from Bargeon, after pleading guilty under the terms of the plea agreement, that the prosecutor was "aggravated and upset" because the victims' stories "didn't really make sense" and were not "adding up." According to Movant, had he known this information, he would not have pleaded guilty and instead would have gone to trial.

Bargeon testified in person at the evidentiary hearing. According to Bargeon, Movant wanted to enter into the plea agreement at the preliminary hearing stage even though Bargeon "begged him not to" and explained to him that "if [they] played the waiting game for a while, [they] may be able to shave some of that off." On the issue of Movant's allegation that the prosecutor had misgivings concerning the victims, Bargeon testified, "I have none, absolutely no recollection of that. I can tell you I can't remember a single time in my career that a Prosecutor has told me that his witnesses would not do well or would not have done well."

In its judgment, the motion court found that Movant had failed to meet his burden of proving his claim and affirmatively found that "[Bargeon] did in fact exercise []the customary

2

skill and diligence of a reasonably competent attorney under similar circumstances, and Movant cannot show that he was prejudiced in any way by [Bargeon]'s performance." Specifically noting the testimony of Movant and Bargeon detailed in this opinion, *supra*, the motion court "[did] not find Movant's testimony to be credible" and "[found] Bargeon's testimony to be credible[.]" The motion court, therefore, ultimately denied Movant's PCR claim. Movant timely appeals.

## Applicable Principles of Review and Governing Law

The movant in a PCR case has the burden of proving his claims by a preponderance of the evidence. Rule 24.035(i). Appellate review of the motion court's denial of Movant's Rule 24.035 PCR motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k). The motion court's findings are presumed correct and will be overturned only after, upon review of the entire record, the reviewing court is left with a definite and firm impression that a mistake has been made. *Vaca v. State*, 314 S.W.3d 331, 334 (Mo. banc 2010). Furthermore, we will defer to the motion court's determinations of credibility, and the motion court is free to believe all, part, or none of the witnesses' testimony. *Zink v. State*, 278 S.W.3d 170, 192 (Mo. banc 2009).

To prove ineffective assistance of counsel, a movant must demonstrate (1) that counsel's representation failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney rendering similar services under similar circumstances (performance prong); and (2) that the movant was prejudiced as a result of counsel's failure (prejudice prong). *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Where a movant's conviction results from a guilty plea, "any claim of ineffective assistance of counsel is immaterial except to the extent that it

impinges [upon] the voluntariness and knowledge with which the plea was made." ***State v. Roll***, 942 S.W.2d 370, 375 (Mo. banc 1997).

## Discussion

Movant's sole point contends that the motion court clearly erred in denying post-conviction relief because Movant "presented credible, uncontradicted evidence" that Bargeon "was ineffective for unreasonably failing to inform him that the prosecutor had doubts regarding the credibility of the victims, which would have bolstered his confidence in mounting a defense at trial and would have in fact led him to plead not guilty and to proceed to trial."

Movant's supporting argument is based upon two premises. First, Movant argues Bargeon *never denied* that the prosecutor discussed having misgivings regarding the victims; he testified, instead, only that he *did not remember* having such a discussion. This testimony, Movant argues, did not actually contradict Movant's own testimony. Second, Movant argues that the motion court's finding that Movant's "uncontradicted" deposition testimony was not credible is entitled to no deference from this court because, since the testimony was by deposition, we are in the same position as the motion court to evaluate it.

We begin and end our analysis with Movant's second premise. This is because, assuming without deciding the truth of the first—that Movant's deposition testimony concerning the prosecutor's misgivings was "uncontradicted"—we must, nevertheless, defer to the motion court's factual finding that the alleged conversation between the prosecuting attorney and Bargeon—the linchpin of Movant's claim—did not occur.

In ***State v. Williams***, 334 S.W.3d 177 (Mo.App. 2011), the Western District of this court specifically addressed whether factual findings based on documentary evidence are entitled to deference in the context of a motion to suppress that, like a PCR motion, is reviewed on appeal for clear error. It ultimately held that "[u]nder the 'clearly erroneous' standard of review, the

4

trial court's findings of fact are entitled to deference even where they are based on physical or documentary evidence which is equally available to an appellate court." *Id.* at 181 (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). "*Anderson* explained that the justification for affording deference to the trial court's factual determinations was 'not limited to the superiority of the trial judge's position to make determinations of credibility,' but was also rooted in the trial court's relative expertise, and considerations of judicial efficiency." *Williams*, 334 S.W.3d at 181 (citing *Anderson*, 470 U.S. at 574, 105 S.Ct. 1504).

As further footnoted in *Williams*,

> The Missouri Supreme Court has applied this same principle—that deference is owed to a trial court's factual findings even where they are not based on credibility determinations—in other contexts. *See, e.g.*, *MSEJ, LLC v. Transit Cas. Co.*, 280 S.W.3d 621, 623 (Mo. banc 2009) (deferential standard of review applied where, in making findings of fact, trial court "did not observe witness testimony but instead reviewed depositions and documentary evidence"; "even though this Court has the same opportunity to review the evidence as does the circuit court, the law allocates the function of fact-finder to the circuit court").

*Williams*, 334 S.W.3d at 181 n.9.

Our court, in *In re Marriage of Yonker*, 423 S.W.3d 848, 852 (Mo.App. 2014), observed that a no-deference argument is inconsistent with *White v. Dir. of Revenue*, 321 S.W.3d 298 (Mo. banc 2010), which held that

> [w]hen the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence. *Bakelite Co. v. Miller*, 372 S.W.2d 867, 871 (Mo.1963). If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party.

*White*, 321 S.W.3d. at 305.

In the PCR setting, the general rule is that "'[d]eterminations concerning credibility are *exclusively* for the motion court and it is free to believe or disbelieve *any* evidence, whether

contradicted or undisputed.'" ***Cross v. State***, 454 S.W.3d 365, 369 (Mo.App. 2015) (quoting with emphasis added ***Flenoy v. State***, 446 S.W.3d 297, 303 (Mo.App. 2014)).  Such deference, furthermore, has been applied in situations where, like here, testimony has been provided by way of deposition.  *See, e.g.*, ***Jeffcott v. State***, 551 S.W.3d 525, 533 (Mo.App. 2018) ("We defer to the motion court's determinations as to the credibility of Counsel's evidentiary hearing testimony and Movant's deposition testimony."); ***Steger v. State***, 467 S.W.3d 887, 892 (Mo.App. 2015) ("During his deposition, Movant gave conflicting testimony. . . .  The motion court did not believe Movant's testimony, and it was under no obligation to do so.").[2]

In exercising its fact-finding function, the motion court was free to consider, evaluate, and determine the credibility of Movant's evidence, in whatever form offered and admitted, and this court defers to that function and those determinations.[3]  *See Cross*, 454 S.W.3d at 369; ***Williams***, 334 S.W.3d at 181.  Accordingly, the motion court, which rejected Movant's deposition testimony, did not clearly err in concluding that Movant failed to satisfy his burden of proving his claim of ineffective assistance of counsel.

## Decision

The motion court's judgment is affirmed.

---

[2] The only PCR cases cited by and relied upon by Movant to support his argument are ***Masden v. State***, 62 S.W.3d 661, 667-68 (Mo.App. 2001), and ***State v. Ivy***, 869 S.W.2d 297, 301 (Mo.App. 1994).  These cases are inapposite, however, in that the motion court in each case made a credibility determination from the record without, unlike the instant case, first conducting an evidentiary hearing.

[3] Perhaps sensing that his argument lacks authoritative support, Movant clarifies (in a footnote) that he "is not asking this Court to adopt a categorical rule that a court can never make a reliable credibility determination between a witness whose testimony is received through a deposition and a witness whose testimony is presented live in person."  He then goes on to state, without any citation to any supporting legal authority, that "courts sitting as triers of fact should exercise greater deliberation, and explain their decisions regarding credibility in greater detail in such situations, especially where, as here, the only relevant evidence in the record on the dispositive issue is the testimony of those two witnesses."  While we are extremely dubious about the validity of this proposition, we need not further consider it because Movant failed to present this issue to the motion court by way of a Rule 78.07(c) after-trial motion.  *See **Johnson v. State***, 388 S.W.3d 159, 168 (Mo. banc 2012) (Rule 78.07(c) applied in post-conviction relief proceeding).  That rule states, "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review."  Rule 78.07(c).

GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – concurs

WILLIAM W. FRANCIS, JR., J. – concurs